**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KEYANA WILEY, as Administrator of the Estate of Omar H. McCullough,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 21-cv-599-JPG** |
| **JUSTIN YOUNG, COURTNEY WALKER, ANGELICA WACHTOR, JUSTIN DUPREY, WEXFORD HEALTH SOURCES, INC., CYNTHIA ROSS, and LORI MOTON,** | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court is Defendant Lori Moton's Motion for Judgment on the Pleadings Dismissing Claims Against Lori Moton (Doc. 53). Plaintiff responded at Doc. 60. As explained below, the motion will be granted.

Plaintiff Keyana Wiley brought this action on June 16, 2021 (Doc. 1); the First Amended Complaint is filed at Doc. 32. Her claims stem from alleged deficiencies in medical care for her deceased brother, Omar McCullough, while he was an inmate of the Illinois Department of Corrections ("IDOC") between early 2016 and June 22, 2019. (Doc. 32, pp. 2, 11). McCullough died on March 28, 2020, from advanced intestinal cancer that was diagnosed after prison officials sent him to an outside hospital. (Doc. 32, p. 12).

The case is proceeding on the following claims:

**Count 1 – Denial of Medical Care (Eighth Amendment), 42 U.S.C. § 1983**

**Count 2 – Failure to Intervene (Eighth Amendment), 42 U.S.C. § 1983**

**Count 3 – State Law Claim – Wrongful Death**

**Count 4 – State Law Claim – Survival Action**

(Doc. 32, pp. 12-17; Doc. 43). Count 1 is proceeding against all Defendants. Count 2 is proceeding against all Defendants except Wexford Health Sources, Inc. ("Wexford"). Counts 3 and 4 are proceeding only against Young, Walker, and Wexford. (Doc. 43, pp. 13-15). The Court dismissed Count 5 on February 17, 2022 (Doc. 43, p. 14-15).

Moton was a medical provider at Danville Correctional Center who saw Plaintiff on January 3, 2019 and read his x-ray report on January 24, 2019. (Doc. 32, p. 7). Moton argues that Plaintiff's claim against her is barred by the two-year statute of limitations, because she was no longer employed at the prison after April 3, 2019. (Doc. 53). Plaintiff responds that under the "discovery rule" the claim did not accrue until McCullough was diagnosed on June 22, 2019, and further, that equitable tolling should apply. (Doc. 60).

## ANALYSIS

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim filed pursuant to Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). The Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). In ruling on a Rule 12(c) motion, the Court not only considers the complaint, but also other pleadings such as "the answer, and any written instruments attached as exhibits." *Housing Auth. Risk Retention Group, Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citations omitted).

The Court already determined that under the continuing violation doctrine, Plaintiff's claim accrued no later than June 22, 2019 – the date McCullough was transferred from prison to the outside hospital where he was diagnosed with cancer. (Doc. 43, pp. 4-7); *see Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013); *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). Moton's answer as well as that of her former employer (Wexford) establishes that she was no longer employed at the prison after April 3, 2019. (Docs. 46, 52, 53). The Amended Complaint does not allege that Moton provided any treatment to McCullough after that date. (Doc. 32). The only disputed issue is whether Plaintiff's claims against Moton accrued on April 4, 2019, as Moton argues, or whether the discovery rule or equitable tolling would permit Plaintiff to use June 22, 2019, as the accrual date for the claims against Moton.

Moton argues that after April 3, 2019, she no longer had the ability to do anything about McCullough's condition, thus under *Heard v. Elyea*, 525 F. App'x 510 (7th Cir. 2013), the two-year statute of limitations began to run on April 4, 2019 – making Plaintiff's filing of the claim against her in June 2021 untimely.

Plaintiff argues that under the "discovery rule," her claims against all Defendants, including Moton, did not accrue until McCullough first learned that his medical condition was serious and deadly – June 22, 2019 at the earliest. Secondly, Plaintiff asserts her allegations support the inference that McCullough was deprived of the opportunity to bring his claims against Moton until June 22, 2019, when he learned he had cancer rather than merely constipation or heartburn – and this entitles her to equitable tolling such that the statute of limitations began to run on that date. (Doc. 60, p. 5).

The Seventh Circuit has unequivocally held that while the continuing violation doctrine will extend the accrual of a claim for inadequate medical treatment until the date an inmate is

released, that will be true only to the extent that a defendant has the power to do something about the prisoner's condition. "[I]f a defendant leaves the institution altogether, his involvement in the alleged wrong is over. The date of the defendant's departure thus marks the last possible time when the claim might have accrued." *Wilson v. Wexford Health Sources, Inc*., 932 F. 3d 513, 518 (7th Cir. 2019) (ruling that a constitutional claim for the ongoing denial of medical care of a hernia accrued against the defendant doctor when the doctor resigned from the facility) (citing *Heard v. Elyea*, 525 F. App'x 510 (7th Cir. 2013)); *see also Heard v. Sheahan*, 253 F.3d 316, 318-319 (7th Cir. 2001).

The holding in *Wilson* applies directly to the uncontradicted facts of this case regarding Moton's departure from the prison in April 2019. While Plaintiff argues vigorously that either equitable tolling or the discovery rule should set the accrual date for the Moton claim on June 22, 2019, she does not cite a single case contradicting the binding precedent set forth in *Wilson*, and the Court has found none.

The Court notes that Plaintiff did not file this action until days before the two-year statute of limitations expired. Had the case been filed a mere eleven weeks earlier, the filing would have fallen within the two-year period that commenced with the end of Moton's employment. This illustrates the unintended consequences that may ensue when a plaintiff plays out the statute of limitations period nearly to its end.

**DISPOSITION**

To summarize, the claims against Moton accrued on April 4, 2019, the day after she left her job at the prison. Plaintiff's filing of this action on June 16, 2021, was untimely as to Moton. Lori Moton's Motion for Judgment on the Pleadings (Doc. 53) is **GRANTED**, and she is **DISMISSED** from this action with prejudice. The Clerk is **DIRECTED** to terminate Lori Moton

as a Defendant and to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED: 4/29/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**