Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Keyana Wiley**, as Administrator for the Estate of Omar McCullough,<br><br>Plaintiff,<br><br>v.<br><br>**Wexford Health Sources**, et al.,<br><br>Defendants. | Case No. 3:21-cv-00599<br><br>Hon. J. Phil Gilbert, District Judge<br><br>Jury Trial Demanded |

      Plaintiff hereby propounds the following the following Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure upon Defendant Wexford Health Sources, Inc., in this matter, to be answered within thirty days after service hereof.

## Definitions and Instructions

      1.      "Plaintiff" refers to Plaintiff Keyana Wiley, as well as their counsel and any representatives, agents, or other Persons acting on their behalf.

      2.      "Decedent" refers to Decedent Omar McCullough.

      3.      "Individual Defendant(s)" shall refer to Justin Young, Courtney Walker, Angela Wachtor, Justin Duprey, Lori Moton, and Cynthia Ross, and any Defendants named in their individual capacity who are named in amended versions of Plaintiff's Complaint, and any Defendants named in their individual capacity who are named in amended versions of Plaintiff's Complaint, as well as their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on their behalf.

      4.      "Defendant," "you," and "your" shall refer to any of the defendants, as well as their counsel and any of their present or former divisions, subsidiaries, officers, directors, affiliates, employees, consultants, contractors, experts, investigators, representatives, agents or other Persons acting on any of their behalf.

      5.      "Wexford" shall refer to Wexford Health Sources, Inc., as well as its counsel and any of its present or former divisions, subsidiaries, officers, directors, affiliates, employees, consultants, contractors, experts, investigators, representatives, agents, or other Persons acting on its behalf.

6. "Pinckneyville" shall refer to Pinckneyville Correctional Center and any of its present or former divisions.

7. "Danville" shall refer to Danville Correctional Center and any of its present or former divisions.

8. "The IDOC" shall refer to the Illinois Department of Corrections, as well as its counsel, any of its present or former divisions, officers, directors, affiliates, employees, consultants, contractors, experts, investigators, representatives, agents, or other Persons acting on its behalf.

9. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

10. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

11. "Plaintiff's Complaint" shall mean the operative pleading entitled Amended Complaint, which was filed in *Wiley v. Wexford Health Sources, et al.*, No. Case No. 3:21-cv-00599-JPG (S.D. Ill.), on December 3, 2021 (ECF 32), or any amended version of that document filed after these instructions are given.

12. "Complaint" shall refer to any complaint or criticism relating in any manner to the job performance of any Defendant (including any Defendant's counsel, employee(s), representative(s), agent(s), contractor(s), expert(s), consultant(s), or other Person(s) acting on the Defendant's behalf), regardless of the disposition of any resulting inquiry or investigation. This includes but is not limited to any personnel or disciplinary matters, any formal or informal, written or unwritten grievances, and any legal proceedings.

13. "Identify" with respect to a Person, shall mean to provide that Person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

14. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

15. "Communication(s)" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. Communication includes but is not limited to letters, memoranda, e-mail, notes, audio recordings, video recordings, SMS or text messages, Tweets, and other exchanges on social media such as Facebook, Twitter, Instagram, or Snapchat.

16. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

17. The "2014 Lippert Report" refers to the Final Report of the Court Appointed Expert submitted in *Lippert v. Godinez*, No. 1:10-cv-04603 (C.D. Ill. Dec. 2014), a copy of which is attached to this request as Exhibit A.

18. The "2018 Lippert Report" refers to the Statewide Summary Report Including Review of Statewide Leadership and Overview of Major Services Report of the 2nd Court Appointed Expert, submitted in *Lippert v. Godinez*, No. 1:10-cv-04603 (C.D. Ill. Nov. 14, 2018), a copy of which is attached to this request as Exhibit B. (The page numbers in the 2018 Lippert Report are referred to by the "PageID" affixed to the upper-right-hand corner of each page by the court's CM/ECF system.)

## Instructions

1. Please identify the request to which each document produced is responsive.

2. Please mark all documents produced with an identifying number (*i.e.*, a Bates stamp number).

3. Produce Documents that are stored electronically regardless of their form, kind, or location, and in their native format.

4. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

5. If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

6. If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and

the Person who has possession, custody, or control thereof.

7.  If you believe any part of any request herein is objectionable, or if you are unable to produce Documents responsive to a request, please state with specificity the basis for your objections and/or inability to produce responsive Documents.

8.  If any Document responsive to any request herein has been previously produced in this litigation, please state the Bates stamp number of the Document previously produced or otherwise identify each such Document by description.

9.  In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the Persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

10. Unless otherwise stated, the relevant time period for Plaintiff's discovery requests shall be the period beginning on January 1, 2015 (approximately one year prior the events at issue in Plaintiff's Complaint) through the present.

11. In the event that you claim a privilege regarding any of the information sought in Plaintiff's discovery requests, please state the privilege claimed and provide sufficient information in a privilege log so that the claim of privilege may be evaluated and/or adjudicated. Specifically, please identify any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each Document withheld, the type of each Document withheld, and the date(s) of each Document withheld.

12. If you have withheld one or more Documents that are responsive to any part of any one of Plaintiff's Requests for Production, so state that you are refusing to disclose responsive Documents and identify every objection on which your refusal to provide the Documents is based.

## **Requests for Production**

1.  All Documents and Communications that relate to, support, and/or rebut any of the allegations or claims in Plaintiff's Complaint in this action.

2.  All Documents and Communications that relate to, support, and/or rebut any Defendant's Affirmative Defenses or Answer, including all Documents upon which you may rely at trial.

3.  All Documents and Communications that support, relate to, or which were consulted for any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case. Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

4. All Documents obtained from third parties regarding Plaintiffs, Decedent, witnesses involved in this litigation, and/or the allegations in Plaintiffs' Complaint (via subpoena or otherwise).

5. The Decedent's full and complete inmate file and/or Master File.

6. All Documents relating to Complaints (including grievances) made by or on behalf of Decedent, and the disposition of any Complaints, including but not limited to any responses by a correctional counselor, Grievance Officer, Warden, Director, and/or the Administrative Review Board, and any appeals.

7. All medical and mental health records pertaining to Decedent, including but not limited to intake evaluation records and/or any other records of medical evaluations, prescription orders, medication administration records, progress notes and/or any other records documenting medical evaluation and/or treatment, records of testing, results of any testing, laboratory reports, mental health evaluations and/or any other records of mental health treatment, requests for approval to refer Decedent for treatment by a third-party healthcare provider, approval and/or denial of a referral for Decedent for treatment by a third-party healthcare provider, and any Communication(s) made to any third-party healthcare provider(s).

8. All Documents relating to requests for evaluation and/or treatment made by or on behalf of Decedent, and the disposition of any requests (including any responses). This request includes but is not limited to sick call slips, sick call logs, request forms, "kites," letters, or similar Documents reflecting a request for evaluation and/or treatment for Decedent.

9. All Documents containing, constituting, and/or memorializing Communications of any kind relating to Plaintiffs, the Decedent, or any of the allegations or events described in Plaintiff's Complaint. This request includes but is not limited to the following Communications:

    a. All Communications between any of the Defendants and Decedent;
    b. All Communications amongst any of the Defendants;
    c. All Communications between any of the Defendants and any third-party healthcare provider(s) or one or more of the healthcare provider's employee(s) or agent(s);
    d. All Communications between any of the Defendants and one or more employee(s) or agent(s) of the IDOC;
    e. All Communications between any of the Defendants and one or more employee(s) or agent(s) of Wexford; and
    f. All Communications between any of the Defendants, including one or more employee(s) or agent(s) of Wexford and the IDOC, and any other third party.

Please note, as detailed in the Definitions above, that "Communications" includes memos, letters, notes, facsimiles, electronic mail, mail, text messages, reports, photographs, audio recordings, and video recordings.

10. All other Documents and Communications relating to Decedent not produced in response to Requests No. 5–9, above, including but not limited to incident reports, cumulative counseling summaries, offender tracking system records, disciplinary cards, inmate records, meeting notes, logs, orders, referrals, statements, reports, personal notes, or personal files of any kind.

11. Any witness statements relating to any of the allegations in Plaintiff's Complaint.

12. All Documents containing, constituting, and/or memorializing Communications of any kind between any of the Defendants, or their counsel, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations in Plaintiff's Complaint or Defendants' Answers or Affirmative Defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Federal Rule of Civil Procedure 26 or in response to interrogatories, relating to Plaintiff and/or the allegations in Plaintiff's Complaint.

13. All Documents relating to any and all criminal convictions of any Person identified by any of the parties under Rule 26 or identified by any party in response to interrogatories. Please note your continuing obligation to supplement this request pursuant to Rule 26(e), which remains ongoing as discovery progresses, and be advised that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

14. Full and unredacted copies of any insurance policies, contracts, or indemnification agreements that could or might provide coverage to any of the Defendants for any of the allegations in Plaintiff's Complaint.

15. All Documents sufficient to show the identities of all persons who evaluated, provided medical or mental health care to, or administered medication to Decedent at any point between January 1, 2016 and July 31, 2019.

16. All Documents reflecting the job descriptions, duties, and responsibilities of the positions held by each of the Individual Defendants from January 1, 2016 through the present. If one or more of the Individual Defendants were not employed by either the IDOC or Wexford on January 1, 2016, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions they held from the date of their hiring through the present. If one or more of the Individual Defendants are no longer employed by either the IDOC or Wexford, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions held from January 1, 2016 through the last date of their employment with the IDOC or Wexford.

17. The complete personnel file, employee file, and/or contractor file for each of the Individual Defendants, including but not limited to employment applications, resumes, job requirements and qualifications, employment records, employment evaluations, personnel files, performance evaluations, performance appraisal, peer reviews, collegial reviews, training histories, records of training received, disciplinary records, Complaints, and any other documents relating to employment.

18. All Documents relating to the medical credentials and qualifications of each of the Individual Defendants. This request includes but is not limited to proof of licensing, certification, and/or registration; all Communications to and from state licensing bodies, certifying, and/or disciplinary bodies; resumes or curriculum vitae; and all training records.

19. All Documents relating to any Individual Defendant's hiring, promotion, demotion, pay raise, pay cut, employee review, duties, disciplinary review, commendation, reprimand, censure, termination, or resignation in the course of his employment with Wexford or the IDOC, including Communications by Defendants or their agent(s) on those subjects.

20. All Documents relating to any and all arrests, detentions, prosecutions, and criminal history of any Individual Defendant, including but not limited to arrest reports, offense reports, criminal complaints, certified convictions, or sentencing Documents.

21. Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of Wexford, the IDOC, and/or policies and practices in place at Pinckneyville or Danville at any time during any of the events or circumstances described in Plaintiff's Complaint.

22. Documents in your possession relating to any investigation undertaken by Defendants or the IDOC, or any employee or agent of Defendants or the IDOC, into Decedent, his death, or any of the allegations in Plaintiff's Complaint, including any and all attachments and any investigator notes.

23. Documents relating to any Complaint of any Person alleging any kind of misconduct committed by any Individual Defendant within the scope of his or her employment at Pinckneyville or Danville.

24. Documents relating to training given to and/or given by each of the Individual Defendants pertaining to providing prisoners access to medical and mental health care, responding to prisoners' requests for medical or mental health care, evaluating prisoners' medical or mental health Complaints, providing medical or mental health treatment to prisoners, providing medication to prisoners, and/or referring prisoners for treatment by an outside healthcare provider. This request includes any training manuals, employment manuals, employee handbooks, procedural guides, or similar Documents provided to any of the Individual Defendants.

25. Documents relating to deaths of IDOC prisoners from cancer between January 1, 2014 through the present, including but not limited to medical and mental health records, death reviews, mortality and morbidity reports, investigative Documents, incident reports, and Communications.

27. Documents relating to all Complaints by an IDOC prisoner, or any other Person, concerning delay in diagnosis or treatment of cancer. This request is limited to the past ten years.

29. Documents containing, memorializing, or pertaining to requests by Wexford or any of its employees or agents for evaluation, consultation, or treatment of prisoners at Pinckneyville or Danville by an outside healthcare provider. This request includes but is not limited to referral requests, requests for consultation, reports of consultation, collegial reviews, authorization comments, pre-certification notifications, non-approval/approval forms, launch reports, certifications of service, daily activity reports, and all other utilization management documentation. This request is limited to the past ten years.

30. All Documents, including but not limited to manuals, protocols, procedural guides, rules, policies, practices, guidelines, and training materials, from the period of January 1, 2014 through the present (including any changes to any of the above-mentioned materials) regarding the following subjects:

   a. Access to medical evaluation or treatment by prisoners;
   b. Provision of medical and care to prisoners;
   c. Medical services provided at Pinckneyville or Danville;
   d. Transfer of prisoners to offsite medical facilities for evaluation or treatment, including payment by Defendants or the IDOC for treatment at outside medical facilities;
   e. Communications amongst and between medical staff regarding a prisoner's health, including any Complaints;
   f. Requests by prisoners for medical attention, evaluation, or treatment;
   g. Documentation of encounters with medical evaluations of, medical treatment to, and requests for medical treatment by prisoners;
   h. Healthcare staffing levels at Pinckneyville or Danville;
   i. Treatment protocols;
   j. Utilization review management;
   k. Quality improvement program(s);
   l. Diagnosis, evaluation, and treatment for cancer;
   m. Diagnosis, evaluation, and treatment for colon cancer;
   n. Diagnosis, evaluation, and treatment for sudden or dramatic weight loss; and
   o. Differential diagnosis.

31. All Documents, including Communications, regarding Complaints by IDOC employees about the actions of Wexford employees.

32. All audio or visual materials, including Documents memorializing the same, depicting or relating to any of the allegations in Plaintiff's Complaint. This request includes but is not limited to photographs, video recordings, audio recordings, radio recordings, transmissions, and recordings of emergency or non-emergency phone calls.

33. All physical evidence relating to any of the allegations in Plaintiff's Complaint of any of Defendants' defenses to Plaintiff's Complaint.

34. Any and all demonstrative aids or exhibits which may be used at trial. Please note your continuing obligation to supplement this request pursuant to Rule 26(e).

35. All Documents relating to any Rule 26(a)(2) expert witnesses retained by Defendants in this matter, including but not limited to:

a. All Communications to and from said expert(s);
b. All Documents provided to and/or relied upon by said expert(s);
c. All notes, reports, and analyses by said expert(s), including any handwritten markings on any materials provided to the expert(s);
d. All bills or statements of the hours and compensation paid to or billed by the expert(s) for work on this matter; and
e. Any transcripts of prior testimony of Rule 26 reports of said expert(s).

Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

36. All Documents in your possession, custody, or control that would support or rebut a contention by any of the Defendants that an award of punitive damages would cause a financial hardship to that Defendant.

37. All Documents relating to your net worth, including the following:

a. All Documents relating to any assets in your possession with a value in excess of $2,500;
b. Copies of all monthly statements for the period of January 2010 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;
c. Copies of any insurance policies in which you are either the beneficiary or have any other ownership interest;
d. A copy of the deed to your residence. If you do not own your home, please produce a copy of a current lease;
e. A copy of the title to your automobiles, as well as a copy of all documentations relating to financing, ownership, and any equity you may have in said automobiles;
f. All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;
g. A copy of your last four pay stubs relating to any employment in which you are engaged;
h. All Documents relating to any mortgage applications signed by you in the past three years; and
i. Copies of your last three state and federal income tax returns.

38. All Documents identifying any policymaker who was responsible for or had final policymaking authority for any policy, procedure, or practice on any of the subjects identified in Plaintiff's Request for Production No. 30, above.

39. All Document relating to any effort of the policymakers identified by Plaintiff's Request for Production No. 38 to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any policy, procedure, or practice on any of the subjects identified in Plaintiff's Request for Production No. 30, above.

40. All Documents relating to the supervision, discipline, evaluations, and oversight of medical staff or healthcare employees at Pinckneyville or Danville. This request includes but is not limited to Documents regarding the chain of command at Pinckneyville or Danville, and policies, rules, regulations, or the like governing supervision, oversight, and discipline of medical staff or healthcare employees (including certified medical technicians) at Pinckneyville or Danville.

41. All Documents relating to administration and assessment of the healthcare services provided at Pinckneyville or Danville from January 2014 to the present. This request includes but is not limited to all Documents related to:

   a. Complete and unredacted contracts for services, requests for bids and any bids submitted by other healthcare providers;
   b. Contract compliance monitoring or audits, all healthcare contract performance summary reports, primary medical service reports, and flash reports;
   c. Quality assurance or continuous quality improvement processes, including continuous quality improvement reports for the above-mentioned facilities, governing body continuous quality improvement reports, as well as all studies, audits, presentation, reviews of grievances, notes, and other attachments to such Documents;
   d. External and internal audits of healthcare services at Pinckneyville or Danville (or the IDOC as a whole), including audits of treatment protocols, performance-based audit reports;
   e. Accreditation evaluations or mock evaluations; and
   f. Meetings and minutes of meetings regarding healthcare at Pinckneyville or Danville (or the IDOC as a whole) attended by Wexford or the IDOC; and
   g. Communications relating to parts a–e, above.

42. All Documents relating to any lawsuit or Complaint to which any Defendant has ever been a party. This request is limited to the last ten years.

43. All Documents relating to the organization of Wexford as a corporate entity, including but not limited to all organizational charts, incorporation Documents, statements of organization, and state registration Documents.

46. Produce the following documents relating to *Dean v. Wexford Health Sources, Inc.*, Case No. 3:17-cv-03112-SEM-TSH (C.D. Ill.):

   b. All written discovery requests and written discovery responses;
   c. All documents produced or gathered pursuant in discovery;

d. All deposition transcripts;
e. All exhibits (including demonstrative exhibits and animations) offered during trial; and
e. All video or audio recordings of depositions.

47. Produce all Documents in your possession relating to the following persons identified in the 2014 *Lippert* Report, including any Documents or Communications relating to medical care for each such person and any Documents or Communications relating to Complaints relating to each such person:

a. Page 7 (Person described in the passage beginning: "At the same facility, Patient 08044 presented with classic signs and symptoms of lung cancer from the time he arrived in IDOC, yet these were ignored by health care staff for three months. . . .")

b. Page 15 (Person described in the passage beginning: "Finally, in one of the Dixon death reviews, a patient was identified who was diagnosed with early prostate cancer at Cook County Jail. . . .")

c. Page 30: (Person described in the passage beginning: "Hill Death Review. Patient #N41619 entered IDOC in 1984 and arrived at Hill Correctional Center in 2009, having stopped smoking two years earlier. . . .")

d. Page 30. (Person described in the passage beginning: "This is the case of a patient from Dixon whose is a 65-year-old male with hypertension, asthma, GERD and a positive TB skin test. . . .")

e. Page 30: (Person described in the passage beginning: "Pontiac Death Review. The patient, #B33741 Delay in Obtaining Timely Appointment . . . . A two-month delay in the neurosurgery consult is excessive, given the nature of the patient's diagnosis. . . .")

48. Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of the medical care provided to each person identified in Request No. 47.

49. Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of medical care provided to persons with cancer.

50. Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of purported delay in providing medical care.

51. Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of the medical care provided to IDOC prisoners.

52. Produce all Documents and Communications discussing or relating to any actual or potential changes in policies, practices, rules, protocols, procedures, budgeting, recruiting, training, retention, or discipline, in light of the information contained in the 2014 *Lippert* Report.

53. Produce all documents relating to any reprimands, sanctions, discipline, demotion, or any other sanction imposed on any person in whole or in part because of medical care described in the 2014 Lippert Report for each person identified in Request No. 47.

54. Produce all Documents in your possession relating to the following persons identified in the 2018 *Lippert* Report, including any Documents or Communications relating to medical care and any Documents or Communications relating to Complaints:

   a. PageID #:11709: (Person described in the passage beginning: "We found in four of six hospitalized patients that there were delays in diagnosis because of untimely referral for higher level care. Two of these delays were extended (10.5 and 11 months). One likely resulted in dissemination of colon cancer.")

   b. PageID #:11730: (The two persons described in the passage and bullets: "In the six hospital records we evaluated, we noted delayed diagnosis in four of the six patients. These delays included: . . . .
   • A three-month delay in evaluation of pancreatic cancer . . . .
   • An 11-month delay in identification of colon cancer which likely resulted in dissemination of the cancer.")

   c. PageID #:11731: (Person described in the passage beginning: "The first patient was incarcerated at LCC on 1/11/17. . . . .")

   d. PageID #:12067: (Person described in the passage beginning: "In summary, the failure to deliver his Crohn's medications in July 2017 triggered a flare-up of his disease which persisted intermittently for the next six months. . . .")

   e. PageID #:11738: (Person described in the passage beginning: "Another patient was 50 years old. . . . .")

   f. PageID #:11853: (Person described in the passage beginning: "The patient weighed 208 pounds in a chronic clinic visit on 5/5/15. . . .")

   g. PageID #:12079: (Person described in the passage beginning: "Another patient was 56 years old and was incarcerated at Graham on 9/15/15 before being transferred to SCC.")

   h. PageID #:11754: (Person described in the passage beginning: "The first example is a patient who had complaints of persistent lower abdominal pain, intermittent episodes of passing bright red blood from her rectum, and progressive weight loss for almost a year without timely work up. . . .")

  i.  PageID #:11864. (Person described in the passage beginning: "Another patient initially complained to a nurse of neck pain in March of 2016, and the nurse did not refer to a provider, but gave the patient ibuprofen by protocol. . . .")

  j.  PageID #:11641: (Person described in the passage beginning: "Another patient had an annual physical examination on 2/15/16 and weighed 345 lbs.")

  k.  PageID #:11647: (Person described in the passage beginning: "Another example was a 48-year-old man who was transferred to DCC in February of 2015 with a diagnosis of metastatic colon cancer.")

  l.  PageID #:11527 (Person described in the passage beginning: "A 45-year-old mentally ill man developed a firm neck mass.")

  m.  PageID #:11529 (Person described in the passage beginning: "Another 72-year-old patient was inadequately evaluated over an eight-month period for abdominal pain, but eventually was sent to an emergency room, where a CT scan showed a large retroperitoneal mass consistent with cancer.")

  n.  PageID #:12138 (Person identified as: Patient #1 Danville.)

  o.  PageID #:12145 (Person identified as: Patient #8 Dixon.)

  p.  PageID #:12147 (Person identified as: Patient #9 Stateville.)

  q.  PageID #:12169 (Person identified as: Patient #20 Logan.)

  r.  PageID #:12171 (Person identified as: Patient #21 Menard.)

  s.  PageID #:12175 (Person identified as: Patient #23 Menard.)

  55.  Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of the medical care provided to each person identified in Request No. 54.

  56.  Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of medical care provided to persons with cancer.

  57.  Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of delay in providing medical care.

  58.  Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of the medical care provided to IDOC prisoners.

59. Produce all Documents and Communications discussing or relating to any actual or potential changes in policies, practices, rules, protocols, procedures, budgeting recruiting, training, retention, or discipline, in light of the information contained in the 2018 *Lippert* Report.

60. Produce all documents relating to any reprimands, sanctions, discipline, demotion, or any other sanction imposed on any person in whole or in part because of medical care described in the 2018 Lippert Report for each person identified in Request No. 54.

Respectfully submitted,

/s/ *Stephen H. Weil*
Stephen H. Weil
Attorney for Plaintiff

Jon Loevy
Sarah Grady
Stephen Weil
Alison Bitterly
LOEVY & LOEVY
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Stephen H. Weil, an attorney, certify that on March 6, 2022, I caused a copy of the foregoing to be served on the following counsel of record for Defendants via e-mail:

Jaclyn A. Kinkade jkinkade@cassiday.com

Timothy P. Dugan tdugan@cassiday.com

/s/ Stephen H. Weil
Stephen H. Weil
Attorney for Plaintiff