# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEYANA WILEY, as Administrator of the )
Estate of Omar H. McCullough, )
           )
           Plaintiff, )
           )
     vs. )        Case No. 21-cv-599-JPG
           )
JUSTIN YOUNG, COURTNEY WALKER, )
ANGELICA WACHTOR, )
JUSTIN DUPREY, )
WEXFORD HEALTH SOURCES, INC., )
and CYNTHIA ROSS, )
           )
           Defendants. )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court is a Motion for Protective Order (Doc. 64) filed by Defendant Wexford Health Sources, Inc. ("Wexford"). Plaintiff responded at Doc. 65.

Wexford asserts that many of Plaintiff's Requests for Production of Documents under Federal Rule of Civil Procedure 34 are voluminous and overbroad. (Docs. 64, 64-1). The parties communicated regarding these concerns and planned to meet and confer on May 2, 2022 to address the issues, if Wexford first identified in writing the requests it found objectionable and the grounds for its objections. (Doc. 64, p. 2; Doc. 64-2). Wexford asserts it complied with the written summary of objections, but Plaintiff refused to meet and confer on May 2, 2022. (Doc. 64, pp. 2-4). Wexford requests the Court to strike 34 of Plaintiff's 56 requests on the grounds of overbreadth, burden, expense, and oppression. (Doc. 64, pp. 6-17). Defendant states Plaintiff's remaining 22 requests for production are sufficient for purposes of the instant motion but requests additional time to either object or respond to them. (Doc. 64, pp. 6, 17).

Plaintiff responds that Wexford has not complied with the requirement of Rule 34(b)(2) to respond in writing and state its objections to each of Plaintiff's document requests, to enable the parties to fulfill the requirement to meet and confer before seeking court intervention in the dispute. (Doc. 65); FED. R. CIV. P. 37(a). Plaintiff stands ready to meet and confer with Wexford once it fleshes out its objections to the document requests, noting that the instant motion contains much of what Rule 34(b)(2) requires.

The Court agrees that Wexford's motion jumps the gun. The correspondence submitted along with the motion (Doc. 64-2) does not sufficiently specify Wexford's grounds for objection to each item included in Plaintiff's Rule 34 requests. Asking the Court to resolve each of the objections in Wexford's motion before the parties have met and conferred about them is not an efficient use of scarce judicial resources. Accordingly, the Motion for Protective Order (Doc. 64) is **DENIED**.

**IT IS FURTHER ORDERED** that Wexford shall provide Plaintiff with written responses pursuant to Rule 34(b)(2) to Plaintiff's Rule 34 document requests, within 21 days of the date of this Order.

The parties shall meet and confer, pursuant to Rule 37(a), to attempt to resolve their dispute over the scope of Plaintiff's Rule 34 document requests, before either party submits another motion to the Court regarding this issue. (*See* Doc. 63, ¶ 13). The parties shall file a status report with the Court as to whether the Rule 34 issues have been resolved, within 60 days of the date of this Order.

**IT IS SO ORDERED.**

**DATED: 5/24/2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**