IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEYANA WILEY, as Administrator of the Estate of Omar H. McCullough, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 21-cv-599-JPG<br>) |
| JUSTIN YOUNG, COURTNEY WALKER, ANGELICA WACHTOR, JUSTIN DUPREY, WEXFORD HEALTH SOURCES, INC., and CYNTHIA ROSS, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court is Plaintiff's Motion for Entry of a HIPAA-Qualified Protective Order (Doc. 73). Plaintiff seeks a modification of the Court's previously entered Protective Order (Doc. 55) to cover the protected health information ("PHI") of third parties. Defendant Wexford Health Sources, Inc. ("Wexford") opposes the motion (Doc. 79). Plaintiff replied to Wexford's response at Doc. 80. Plaintiff is seeking discovery regarding Wexford's treatment of other inmates who are not parties to this litigation, in connection with her *Monell*[1] claims against Wexford, and proposes the new order to permit the disclosure and protect the confidentiality of such third party information. (See Docs. 32, 43). As explained below, Plaintiff's motion will be **GRANTED**. Plaintiff's proposed HIPAA Qualified Protective Order, with some modifications as discussed herein, will be docketed as a separate Order.

Also pending is Plaintiff's Motion for Leave to Submit Supplemental Authority (Doc. 81)

---

[1] *Monell v.Dept. of Social Svcs.*, 436 U.S. 658 (1978).

1

in the form of Judge David W. Dugan's decision in *Jackson v. Wexford Health Sources, Inc.*, No. 20-cv-900-DWD (S.D. Ill. Aug. 24, 2022), which granted a similar motion. This motion (Doc. 81) is **GRANTED** insofar as the Court will take judicial notice of that order; it is not necessary to file the order on this docket.

## BACKGROUND

Plaintiff Keyana Wiley brought this action on June 16, 2021 (Docs. 1, 32). Her claims arise from alleged deficiencies in medical care for her deceased brother, Omar McCullough, while he was an inmate of the Illinois Department of Corrections ("IDOC") between early 2016 and June 22, 2019, where Wexford is the contracted medical provider. (Doc. 32, pp. 2, 11). McCullough died on March 28, 2020, from advanced intestinal cancer that was diagnosed after prison officials sent him to an outside hospital. (Doc. 32, p. 12).

Three counts are proceeding against Wexford: Count 1 – Eighth Amendment claim for denial of medical care; Count 3 – State law wrongful death claim; and Count 4 – State law survival action. (Doc. 43, p. 15). Counts 3 and 4 are limited to events commencing on June 16, 2017. *Id*. Plaintiff asserts that Wexford had a widespread practice of rendering inadequate medical care to IDOC inmates, which led to McCullough's death. (Doc. 32, pp. 12-14).

The current HIPAA Qualified Protective Order (Doc. 55) is limited to the disclosure of PHI documenting McCullough's physical and mental condition and provision of medical care to him from January 1, 2015, through March 2020. (Doc. 55, ¶¶ 1, 4). The Order further states that a separate protective order and authorization is necessary before any other medical records may be disclosed. (Doc. 55, ¶ 5).

Plaintiff argues that another HIPAA Qualified Protective Order is needed before she may seek disclosure of the PHI of third parties, specifically documentation regarding the medical

2

treatment of other IDOC prisoners under the care of Wexford and its providers. She asserts that in order to sustain her *Monell* claim, Seventh Circuit precedent requires her to present evidence of other incidents beyond McCullough's individual experience, as proof of Wexford's alleged widespread practice of rendering inadequate medical care to IDOC prisoners. (Doc. 73, pp. 2-3, 6-9).

Wexford counters that the current HIPAA Qualified Protective Order (Doc. 55) would cover non-party PHI if any should be disclosed, and objects to Plaintiff's motion as an improper motion to compel while her Rule 34 requests remain in dispute. (Doc. 79, pp. 1, 3-5). Wexford further argues that third-party health information could be disclosed with patient-identifying information redacted, without the need for another HIPAA qualified order. (Doc. 79, pp. 8-11). Wexford proposes some modifications to Plaintiff's proposed order in the event the Court grants the motion. (Doc. 79, p. 12).

Plaintiff's reply argues, *inter alia*, that the redaction of patients' names in third party PHI would make it impossible to "connect the dots" between various records to reveal patterns and practices regarding medical care of other individuals. (Doc. 80, pp. 2-4).

## ANALYSIS

Contrary to Wexford's argument, the instant motion seeks only a new HIPAA qualified order; it is not a motion to compel in disguise. The scope of discovery is a matter for another day, and indeed should be addressed in the first instance between the parties as they meet and confer; Plaintiff indicates that this process is ongoing. (Doc. 80, p. 2); *See* FED. R. CIV. P. 37(a). Notably, the Federal Rules of Civil Procedure allow for liberal discovery, including the discovery of relevant information held by third parties. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 34, 35 (1984); *Reed v. Wexford Health Sources, Inc.*, No. 20-cv-1139-SPM, 2021 WL 5578076, at *2

(S.D. Ill. Oct 19, 2021); *Jackson v. Wexford Health Sources, Inc.*, No. 20-cv-900-DWD, Doc. 95, p. 4 (S.D. Ill. Aug. 24, 2022). The Court recognizes that the parties may still have unresolved disputes over the scope of discovery in this case and reiterates that they have a responsibility to attempt to resolve any such disputes pursuant to Rule 37(a) before seeking Court intervention on this issue. (See Doc. 66).

HIPAA generally prohibits the disclosure of an individual's health-related information without that individual's consent. *See Ligas v. Maram*, No. 05 C 4331, 2007 WL 2316940, at *5 (N.D. Ill. Aug. 10, 2007) (citing 45 C.F.R. §§ 164.508, 164.512); *Reed*, 2021 WL 5578076, at *2. Nonetheless, HIPAA allows the production of protected health information in discovery if:

> [T]he party seeking the information either notifies the patient (or at least makes a good faith effort to do so) or makes a "reasonable effort" to secure a qualified protective order, that is, an order that prohibits the use or disclosure of the information outside the litigation and requires the return or destruction of the information at the end of the litigation.

*Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004) (citing 45 C.F.R. § 164.512(e)(1)(v)).

Authority in this Circuit supports Plaintiff's argument that in order to succeed on her *Monell* claim, she must show evidence that Wexford engaged in a widespread practice of failing to provide adequate care to other IDOC prisoners, amounting to "systemic and gross deficiencies." *See Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020); *Dixon v. City of Cook*, 819 F.3d 343, 348 (7th Cir. 2016); *Reed*, 2021 WL 5578076, at *3; *Jackson*, No. 20-cv-900-DWD, Doc. 95, pp. 4-5 (S.D. Ill. Aug. 24, 2022).[2] Third party medical information is therefore discoverable in this

---

[2] The Court notes that in the two other cases cited by Plaintiff where substantially identical motions were filed seeking a qualified HIPAA order permitting Wexford to disclose third party private health information (Doc. 73, p. 2), the court granted the plaintiffs' motions and approved orders identical to the HIPAA Qualified Protected Order proposed herein. *See Johnson-Barker v. Wexford*, No. 21-cv-1234, Doc. 83 (C.D. Ill. Sept. 1, 2022); *McCaffrey v. McAtee*, No. 21-cv-3029, Doc. 89 (C.D. Ill. Aug. 26, 2022).

context. Plaintiff has demonstrated good cause for the entry of a new protective order that will ensure third parties' private health information is kept confidential and used only for purposes of this litigation. Plaintiff has refuted Wexford's argument that the proposed order is unnecessary because it could redact personal patient identifiers from third party documents without entry of a new HIPAA qualified order. (Doc. 80, pp. 2-4: Doc. 80-1). Identifying information in third party medical records is necessary in order to analyze any patterns or practices regarding Wexford's medical care of IDOC prisoners.

Plaintiff's proposed order meets the HIPAA requirements as it prohibits the disclosure of PHI for any purpose other than the instant litigation and requires that all PHI must be returned or disposed of at the end of the litigation. *See* 45 C.F.R. § 164.512(e)(1)(v); *Nw. Mem'l Hosp.* 362 F.3d at 925.

As to the specific language in the Order, Wexford suggests replacement language for Plaintiff's proposed paragraph 4(e); would remove paragraph 7; and would replace the limitation of "Attorneys' Eyes Only" with the designation of "Confidential and Subject to Protective Order." (Doc. 79, p. 12). Plaintiff accepts Wexford's proposed first and last sentence for paragraph 4(e); does not object to paragraph 7 being removed; and takes no position on the "Confidential and Subject to Protective Order" marking, with the request for the Court to confirm that such documents should be filed under seal.

The Court notes that the proposed Order sufficiently sets forth provisions regarding filing confidential documents under seal in paragraphs 2(c) and 10. The Court will adopt the changes described above that are acceptable to both parties, will renumber the paragraphs to account for the removal of paragraph 7 from Plaintiff's proposed draft, will replace all references to "Attorneys' Eyes Only" material with the reference "Confidential and Subject to Protective

Order," and will add "defendants who are medical professionals" to the list of persons who may view this material in paragraphs 1(g), 4(a), and 6.

## DISPOSITION

Plaintiff's Motion for Entry of a HIPAA-Qualified Protective Order (Doc. 73) is **GRANTED**. The Court **VACATES** the previous HIPAA Qualified Protective Order (Doc. 55) and **ADOPTS** Plaintiff's proposed protective order with the modifications described above.

IT IS SO ORDERED.

DATED: 10/17/2022

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
