**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KEYANA WILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00599-JPG |
| | ) | |
| v. | ) | |
| | ) | |
| Wexford Health Sources, Inc., *et al.*, | ) | Hon. J. Phil Gilbert |
| | ) | |
| Defendants. | ) | |

# EXHIBIT 1

048792/21061/TPD/JAK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

KEYANA WILEY, Administrator of the
Estate of OMAR MCCULLOUGH #K77858,

             Plaintiff,

v.

JUSTIN YOUNG, C. WALKER, ANGELA
WACHTOR, JUSTIN DUPREY, JANE DOE,
WEXFORD HEALTH SOURCES, INC., and
NURSE CYNTHIA,

             Defendants.

Case Number  3:21-cv-00599-JPG

Judge J. Phil Gilbert

## <u>WEXFORD HEALTH SOURCES, INC.'S RESPONSE TO REQUEST FOR PRODUCTION</u>

COMES NOW Defendant WEXFORD HEALTH SOURCES, INC., by and through its attorneys, CASSIDAY SCHADE LLP, and for its Response to Request for Production propounded by plaintiff, KEYANA WILEY, Administrator of the Estate of OMAR MCCULLOUGH #K77858, states as follows:

**Defendant objects to Plaintiff's Requests for Production, including but not limited to the Definitions and Instructions, as they superseded the scope of discovery set out in FRCP 26 and 34, seek privileged communication and work product, and seek non-party protected health information. Defendant incorporates by reference its objections to such set out in its Motion for Protective Order (Doc. 64) as if fully stated herein, including but not limited to "Defendant," includes nine or more categories of people, including "counsel, consultants, employees, and/or representatives," for each of the six Defendants; "Complaint" is definite as any criticism, grievance, or legal proceeding; Wexford is inclusive of all of its employees and counsel, along with other subcategories; "Document" expressly includes privileged material and documents "excludable from discovery;" the Instructions twice requires the supplemental production of information for each of the 56 Requests, improperly adding 112 interrogatories guised as instructions to Requests for Production.**

1.    All Documents and Communications that relate to, support, and/or rebut any of the allegations or claims in Plaintiff's Complaint in this action.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.* Further, it targets medical records of nonparties with disregard for their protected health information, wholly irrelevant to this matter. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.

Additionally, it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff has made no attempt to identify the documents with reasonable particularity and seeks "all Documents and Communications" that relate to "any of the allegations or claims," in the Complaint or defenses thereto. This request is further overbroad with the definition of "relate to," further expanding the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying that definition to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. Further, federal courts have noted that requests that require production of all documents Defendants may rely upon are overbroad. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994). It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.,* No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008). This request is further cumulative and oppressive because it would necessarily duplicate the entirety of any other proper request for production. These responses are unavailable due to excessive cost.

Subject to and without waiving the foregoing objections, see records produced by any party in this matter, including Decedent's IDOC medical records. See all Defendant's FRCP 26 disclosures, including subsequent expert disclosures. See enclosed ESI Results bates labeled Wiley- ESI results 0001-0345 and UM notes bates labeled Wiley UM notes 0001-0507.

2.     All Documents and Communications that relate to, support, and/or rebut any Defendant's Affirmative Defenses or Answer, including all Documents upon which you may rely at trial.

**RESPONSE:**
Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.* Further, it targets medical records of nonparties with disregard for their protected health information, wholly irrelevant to this matter. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.

Additionally, it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff has made no attempt to identify the documents with reasonable particularity and seeks "all Documents and Communications" that relate to "any [of] Defendant's Affirmative Defenses or Answer." This request is further overbroad with the definition of "relate to" further expanding the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying that definition to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. Further, federal courts have noted that requests that require production of all documents Defendants may rely upon are overbroad. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994). It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.,* No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008). This request is further cumulative and oppressive because it would necessarily duplicate the entirety of any other proper request for production. These responses are unavailable due to excessive cost.

Subject to and without waiving the foregoing objections, see records produced by any party in this matter, including Decedent's IDOC medical records. See all Defendant's FRCP 26 disclosures, including subsequent expert disclosures. See enclosed ESI Results bates labeled Wiley- ESI results 0001-0345 and UM notes bates labeled Wiley UM notes 0001-0507.

3.    All Documents and Communications that support, relate to, or which were consulted for any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case. Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.* Further, it targets medical records of nonparties with disregard for their protected health information, wholly irrelevant to this matter. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.

Additionally, it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff has made no attempt to identify the documents with reasonable particularity and seeks "all Documents and Communications" that relate "to any of Plaintiff's Interrogatories and Requests to Admit." This request is further overbroad with the definition of "relate to" further expanding the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying

that definition to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined.  Further, federal courts have noted that requests that require production of all documents Defendants may rely upon are overbroad.  *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994).  It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.,* No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008). This request is further cumulative and oppressive because it would necessarily duplicate the entirety of any other proper request for production.  These responses are unavailable due to excessive cost.

Subject to and without waiving the foregoing objections, see records produced by any party in this matter, including Decedent's IDOC medical records.  See all Defendant's FRCP 26 disclosures, including subsequent expert disclosures.  See enclosed ESI Results bates labeled Wiley- ESI results 0001-0345 and UM notes bates labeled Wiley UM notes 0001-0507.

4.    All Documents obtained from third parties regarding Plaintiffs, Decedent, witnesses involved in this litigation, and/or the allegations in Plaintiffs' Complaint (via subpoena or otherwise).

**RESPONSE:**

Defendant objects that this request could encompass privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.  *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 et seq; 745 ILCS 55/1 et seq.  Subject to and without waiving the objections, Defendant will produce documents obtained via subpoena pertaining to Decedent.  See Defendant's FRCP 26 disclosures.

5.    The Decedent's full and complete inmate file and/or Master File.

**RESPONSE:**

Defendant does not have possession, custody, or control of the IDOC Master File on Omar McCullough.

6.    All Documents relating to Complaints (including grievances) made by or on behalf of Decedent, and the disposition of any Complaints, including but not limited to any responses by a correctional counselor, Grievance Officer, Warden, Director, and/or the Administrative Review Board, and any appeals.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.  *Buckman v. Columbus-Cabrini Med.*

*Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co*., 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq*; 745 ILCS 55/1 *et seq.*

Defendant objects that this request is overly broad and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. Defendant also objects that Plaintiff's request is wholly irrelevant as it seeks inadmissible character evidence that cannot be used as evidence of deliberate indifference. *Hernandez v. Nielson*, 2002 U.S. Dist. LEXIS 24042, 2002 WL 31804788, at *1 (N.D. Ill. Dec. 13, 2002) ("[T]he court is at a complete loss to understand what possible relevance this evidence [of prior lawsuits] has... Just because somebody alleges something does not make it so."); FRE 401-404; FRCP 26, 34. Defendant further objects to this request as it seeks the medical health information of non-parties. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.

Defendant further objects that this request is overbroad and vague, in that it is unclear what may be deemed "relating to Complaints (including grievances) made by or on behalf of Decedent." Additionally, it is unduly burdensome and not proportional to the needs of the case. Plaintiff has made no attempt to identify the documents with reasonable particularity and seeks "all Documents and Communications" that relate "to Complaints." This request is further overbroad with the definition of "relate to" further expanding the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. This burden is further compound by the definition of "complaints." Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. Further, federal courts have noted that requests that require production of all documents Defendants may rely upon are overbroad. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994). It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.,* No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008). These responses are unavailable due to excessive cost.

Subject to and without waiving the objections, Defendant does not maintain IDOC grievance or ARB records. Defendant has produced such documents obtained via subpoena pertaining to Decedent. See Defendant's FRCP 26 disclosures.

7.    All medical and mental health records pertaining to Decedent, including but not limited to intake evaluation records and/or any other records of medical evaluations, prescription orders, medication administration records, progress notes and/or any other records documenting medical evaluation and/or treatment, records of testing, results of any testing, laboratory reports, mental health evaluations and/or any other records of mental health treatment, requests for approval to refer Decedent for treatment by a third-party healthcare provider, approval and/or denial of a referral for Decedent for treatment by a third-party healthcare provider, and any Communication(s) made to any third-party healthcare provider(s).

**RESPONSE:**

Defendant objects that this request is overly broad and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. FRCP 26. Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq*.

Subject to and without waiving the objections, Defendant will produce documents obtained via third party subpoena pertaining to Decedent. See Defendant's FRCP 26 disclosures. See enclosed ESI Results bates labeled Wiley- ESI results 0001-0345 and UM notes bates labeled Wiley UM notes 0001-0507.

8. All Documents relating to requests for evaluation and/or treatment made by or on behalf of Decedent, and the disposition of any requests (including any responses). This request includes but is not limited to sick call slips, sick call logs, request forms, "kites," letters, or similar Documents reflecting a request for evaluation and/or treatment for Decedent.

**RESPONSE:**

Defendant objects that this request is overly broad and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. FRCP 26. Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq*.

Subject to and without waiving the objections, see Decedent's IDOC medical records produced by Plaintiff. See Defendant's FRCP 26 disclosures. See enclosed ESI Results bates labeled Wiley- ESI results 0001-0345 and UM notes bates labeled Wiley UM notes 0001-0507.

9. All Documents containing, constituting, and/or memorializing Communications of any kind relating to Plaintiffs, the Decedent, or any of the allegations or events described in Plaintiff's Complaint. This request includes but is not limited to the following Communications:

    a.    All Communications between any of the Defendants and Decedent;
    b.    All Communications amongst any of the Defendants;
    c.    All Communications between any of the Defendants and any third-party healthcare provider(s) or one or more of the healthcare provider's employee(s) or agent(s);

    d.     All Communications between any of the Defendants and one or more employee(s) or agent(s) of the IDOC;

    e.     All Communications between any of the Defendants and one or more employee(s) or agent(s) of Wexford; and

    f.     All Communications between any of the Defendants, including one or more employee(s) or agent(s) of Wexford and the IDOC, and any other third party.

Please note, as detailed in the Definitions above, that "Communications" includes memos, letters, notes, facsimiles, electronic mail, mail, text messages, reports, photographs, audio recordings, and video recordings.

**RESPONSE:**

**Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.** *Buckman v. Columbus-Cabrini Med. Ctr.*, **272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995);** *Consolidation Coal Co. v. Bucyrus-Eric Co.*, **89 Ill. 2d 103, 120 (Ill. 1983);** *People v. Ryan*, **30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960);** *Claxton v. Thackston*, **201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101** *et seq;* **745 ILCS 55/1** *et seq.*

**Defendant objects that this request is compound, overly broad, and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. FRCP 26. Specifically, it seeks Communications related to "Plaintiffs, the Decedent, <u>or</u> any of the allegations or events described in Plaintiff's Complaint." (emphasis added). Plaintiff has made no attempt to limit the request in any way, even by scope, and seeks "all" Documents which cannot be said to be proportional to the needs of the case.** *See, e.g., M. McGee Design Studio v. Brinson*, **1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994).**

**This request's overbreadth is amplified with the definition of "relating to" further expanding the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. This burden is further compound by the definition of "communications." Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. Such a broad request is highly likely to encompass mostly irrelevant materials, especially considering the request consists of six subparts, one of which is Communications with any employee of the IDOC. Combined with the application of Plaintiff's definitions of the parties, as discussed above, it is impossible for Defendant to meaningfully respond to this request.** *See Beesley v. Int'l Paper Co.,* **No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008). These responses are unavailable due to excessive cost.**

**Subject to and without waiving the objections, see Defendant's FRCP 26 disclosures. See enclosed ESI Results bates labeled Wiley- ESI results 0001-0345 and UM notes bates labeled Wiley UM notes 0001-0507.**

    10.    All other Documents and Communications relating to Decedent not produced in response to Requests No. 5–9, above, including but not limited to incident reports, cumulative

counseling summaries, offender tracking system records, disciplinary cards, inmate records, meeting notes, logs, orders, referrals, statements, reports, personal notes, or personal files of any kind.

**RESPONSE:**

**Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.** *Buckman v. Columbus-Cabrini Med. Ctr.*, **272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995);** *Consolidation Coal Co. v. Bucyrus-Eric Co.*, **89 Ill. 2d 103, 120 (Ill. 1983);** *People v. Ryan*, **30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960);** *Claxton v. Thackston*, **201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101** *et seq;* **745 ILCS 55/1** *et seq.*

**Defendant objects that this request is compound, overly broad, and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. FRCP 26. Specifically, it seeks Communications related to Decedent. Plaintiff has made no attempt to limit the request in any way, even by scope, and seeks "all" Documents which cannot be said to be proportional to the needs of the case.** *See, e.g., M. McGee Design Studio v. Brinson*, **1994 U.S. Dist. LEXIS 9789, \*28, 1994 WL 380613 (N.D. Ill. July 18, 1994).**

**This request's overbreadth is amplified with the definition of "relating to" further expanding the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. Such a broad request is highly likely to encompass mostly irrelevant materials. Combined with the application of Plaintiff's definitions of the parties, as discussed above, it is impossible for Defendant to meaningfully respond to this request.** *See Beesley v. Int'l Paper Co.*, **No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at \*7 (S.D. Ill. Aug. 22, 2008).**

**Subject to and without waiving the objections, Defendant does not maintain IDOC records that Plaintiff seeks. See Defendant's FRCP 26 disclosures.**

11.    Any witness statements relating to any of the allegations in Plaintiff's Complaint.

**RESPONSE:**

**Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.** *Buckman v. Columbus-Cabrini Med. Ctr.*, **272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995);** *Consolidation Coal Co. v. Bucyrus-Eric Co.*, **89 Ill. 2d 103, 120 (Ill. 1983);** *People v. Ryan*, **30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960);** *Claxton v. Thackston*, **201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101** *et seq;* **745 ILCS 55/1** *et seq.* **Subject to and without waiving the objections, Defendant anticipates Decedent's medical records may contain statements that relate to or contradicting allegations in Plaintiffs' Complaint. See enclosed**

**ESI Results bates labeled Wiley- ESI results 0001-0345 and UM notes bates labeled Wiley
UM notes 0001-0507.**

12.    All Documents containing, constituting, and/or memorializing Communications of
any kind between any of the Defendants, or their counsel, agents, representatives, or any Person
working on their behalf, and any Person who may have discoverable information or knowledge
of the allegations in Plaintiff's Complaint or Defendants' Answers or Affirmative Defenses to
Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties
under Federal Rule of Civil Procedure 26 or in response to interrogatories, relating to Plaintiff
and/or the allegations in Plaintiff's Complaint.

   **RESPONSE:**

   **Defendant objects as this request targets privileged communication, including quality
assurance documents and communication, as well as attorney client communication and
work product, and insured/insurer communication.** *Buckman v. Columbus-Cabrini Med.
Ctr.*, **272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995);** *Consolidation Coal Co.
v. Bucyrus-Eric Co.*, **89 Ill. 2d 103, 120 (Ill. 1983);** *People v. Ryan*, **30 Ill.2d 456, 461, 197
N.E.2d 15, 17-18 (Ill. 1960);** *Claxton v. Thackston*, **201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85
(1st Dist. 1990); 735 ILCS 5/8-2101** *et seq;* **745 ILCS 55/1** *et seq*. **Defendant also object to
production of expert communications deemed privilege under FRCP 26.**

   **Defendant objects that this request is overly broad and unduly burdensome as it is
not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not
proportional to the needs of this case. FRCP 26. Specifically, it seeks Communications
related to Decedent. Plaintiff has made no attempt to limit the request in any way, even by
scope, and seeks "all" Documents which cannot be said to be proportional to the needs of the
case.** *See, e.g., M. McGee Design Studio v. Brinson*, **1994 U.S. Dist. LEXIS 9789, *28, 1994
WL 380613 (N.D. Ill. July 18, 1994).**

   **This request's overbreadth is amplified with the definition of "relating to" further
expanding the scope of this request to "anything directly or indirectly mentioning,
describing, pertaining to, being connected with, reflecting upon, or having any logical or
factual connection with," any allegation, claim, or defense. Applying the definitions to this
request, the limits on the universe of potentially responsive documents is extremely broad
and hazily defined. Such a broad request is highly likely to encompass mostly irrelevant
materials.**

   **Subject to and without waiving the objections, see Defendant's FRCP 26 disclosures.
See enclosed ESI Results bates labeled Wiley- ESI results 0001-0345 and UM notes bates
labeled Wiley UM notes 0001-0507.**

13.    All Documents relating to any and all criminal convictions of any Person identified
by any of the parties under Rule 26 or identified by any party in response to interrogatories. Please
note your continuing obligation to supplement this request pursuant to Rule 26(e), which remains
ongoing as discovery progresses, and be advised that Plaintiff intends to move *in limine* to bar any
references to convictions not identified in the manner requested.

   **RESPONSE:**

Defendant objects that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Additionally, Defendants object that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment. FRCP 26(b)(1). Lastly, Defendant objects that "Plaintiff intends to move in *limine* to bar any references to convictions not identified in the manner requested" is an improper attempt to relieve Plaintiff of her duty to investigate her claims and witnesses. Due to both the procedural and substantive objections above, is unsupported in fact and law.

14.    Full and unredacted copies of any insurance policies, contracts, or indemnification agreements that could or might provide coverage to any of the Defendants for any of the allegations in Plaintiff's Complaint.

**RESPONSE:**

**See GREEN WEXFORD 0001-0138.**

15.    All Documents sufficient to show the identities of all persons who evaluated, provided medical or mental health care to, or administered medication to Decedent at any point between January 1, 2016 and July 31, 2019.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.*

Defendant also objects that Plaintiff has made no attempt to identify the documents she seeks and seeks "all" Documents which cannot be said to be proportional to the needs of the case. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994).

Subject to and without waiving the objections, see the IDOC and Carle medical records for Decedent produced by Plaintiff. See also any records from Decedent's medical providers outlined in her interrogatory answers, including from Northwestern. See enclosed ESI Results bates labeled Wiley- ESI results 0001-0345 and UM notes bates labeled Wiley UM notes 0001-0507.

16.    All Documents reflecting the job descriptions, duties, and responsibilities of the positions held by each of the Individual Defendants from January 1, 2016 through the present. If

one or more of the Individual Defendants were not employed by either the IDOC or Wexford on January 1, 2016, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions they held from the date of their hiring through the present. If one or more of the Individual Defendants are no longer employed by either the IDOC or Wexford, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions held from January 1, 2016 through the last date of their employment with the IDOC or Wexford.

**RESPONSE:**

**Defendant object to production of job descriptions as Plaintiff has already produced a purported contract with the State of Illinois outlining these job descriptions, thus they are readily available to her and duplicative production could only increase the cost of litigation. FRCP 26; 34. Subject to and without waiving the objection:**

**Dr. Justin Young was employed by Wexford Health as a Traveling Medical Director from 7/5/2016 to 9/12/2016 and the Medical Director at Danville Correctional Center from 9/13/2013 to 06/17/2020.**

**Cynthia Ross was employed by Wexford Health as an RN at Danville Correctional Center from 12/17/2018 to 11/31/2019.**

**R Justin Duprey was employed by Wexford Health as an PA/NP at Danville Correctional Center from 05/20/2019 to 10/15/2021.**

**Angelica Wachtor was employed by Wexford Health as an RN at Danville Correctional Center from 10/01/2018 to 11/13/2019.**

**Courtney Walker-Henry was employed by Wexford Health as an RN at Danville Correctional Center since 11/16/2018 but only on as needed basis since 4/3/2021. Furthermore, she worked on an as needed basis from 9/27/2019 to 12/4/2020.**

17.    The complete personnel file, employee file, and/or contractor file for each of the Individual Defendants, including but not limited to employment applications, resumes, job requirements and qualifications, employment records, employment evaluations, personnel files, performance evaluations, performance appraisal, peer reviews, collegial reviews, training histories, records of training received, disciplinary records, Complaints, and any other documents relating to employment.

**RESPONSE:**

**Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.** *Buckman v. Columbus-Cabrini Med. Ctr.*, **272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995);** *Consolidation Coal Co. v. Bucyrus-Eric Co.*, **89 Ill. 2d 103, 120 (Ill. 1983);** *People v. Ryan*, **30 Ill.2d 456, 461, 197**

N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.*

Defendant objects that this request is compound, overly broad, and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. FRCP 26. Specifically, it seeks Communications related to employment. Plaintiff has made no attempt to limit the request in any way, even by scope, and seeks "all" Documents which cannot be said to be proportional to the needs of the case. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994).

This request's overbreadth is amplified with the definition of "relating to" further expanding the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.,* No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008).

Defendant also objects that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, Defendant objects that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment. FRCP 26(b)(1).

18.    All Documents relating to the medical credentials and qualifications of each of the Individual Defendants. This request includes but is not limited to proof of licensing, certification, and/or registration; all Communications to and from state licensing bodies, certifying, and/or disciplinary bodies; resumes or curriculum vitae; and all training records.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.,* 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.,* 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan,* 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.*

Defendant objects that this request is overly broad and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. FRCP 26. Plaintiff has made no attempt to limit the request in any way, even by scope, and seeks "all" Documents which cannot be said to be

proportional to the needs of the case.   *See, e.g., M. McGee Design Studio v. Brinson*, 1994
U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994).

This request's overbreadth is amplified with the definition of "relating to" further
expanding the scope of this request to "anything directly or indirectly mentioning,
describing, pertaining to, being connected with, reflecting upon, or having any logical or
factual connection with," any allegation, claim, or defense.  Applying the definitions to this
request, the limits on the universe of potentially responsive documents is extremely broad
and hazily defined.

Defendant also objects that this request is not crafted to seek information that is
relevant to any party's claim or defense and proportional to the needs of the case, considering
the importance of the issues at stake in the action, the amount in controversy, the parties'
relative access to relevant information, the parties' resources, the importance of the
discovery in resolving the issues, and whether the burden or expense of the proposed
discovery outweighs its likely benefit.  Further, Defendant objects that releasing this personal
and private information in Defendants' personnel files poses a risk to the safety of the
defendants and exposes them to harassment.  FRCP 26(b)(1).

19.    All Documents relating to any Individual Defendant's hiring, promotion,
demotion, pay raise, pay cut, employee review, duties, disciplinary review, commendation,
reprimand, censure, termination, or resignation in the course of his employment with Wexford or
the IDOC, including Communications by Defendants or their agent(s) on those subjects.

   **RESPONSE:**

Defendant objects as this request targets privileged communication, including quality
assurance documents and communication, as well as attorney client communication and
work product, and insured/insurer communication.  *Buckman v. Columbus-Cabrini Med.
Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co.
v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983);  *People v. Ryan*,  30 Ill.2d 456, 461, 197
N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85
(1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.*

Defendant objects that this request is compound, overly broad, and unduly
burdensome as it is not sufficiently limited to the scope or time of the allegations in the
Complaint, thus it is not proportional to the needs of this case.  FRCP 26.  Specifically, it
seeks Communications related to employment.  Plaintiff has made no attempt to limit the
request in any way, even by scope, and seeks "all" Documents which cannot be said to be
proportional to the needs of the case.   *See, e.g., M. McGee Design Studio v. Brinson*, 1994
U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994).

This request's overbreadth is amplified with the definition of "relating to" further
expanding the scope of this request to "anything directly or indirectly mentioning,
describing, pertaining to, being connected with, reflecting upon, or having any logical or
factual connection with," any allegation, claim, or defense.  Applying the definitions to this
request, the limits on the universe of potentially responsive documents is extremely broad
and hazily defined.  It is impossible for Defendant to <u>meaningfully</u> respond to this request

because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.,* No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008).

Defendant also objects that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, Defendant objects that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment. FRCP 26(b)(1). These responses are unavailable due to excessive cost.

20.    All Documents relating to any and all arrests, detentions, prosecutions, and criminal history of any Individual Defendant, including but not limited to arrest reports, offense reports, criminal complaints, certified convictions, or sentencing Documents.

RESPONSE:

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.,* 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.,* 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan,* 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.*

Defendant objects that this request is overly broad and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. FRCP 26. Specifically, it seeks Communications related to employment. Plaintiff has made no attempt to limit the request in any way, even by scope, and seeks "all" Documents which cannot be said to be proportional to the needs of the case. *See, e.g., M. McGee Design Studio v. Brinson,* 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994).

This request's overbreadth is amplified with the definition of "relating to" further expanding the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined.

Defendant also objects that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, Defendant objects that releasing this personal

and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment. **FRCP 26(b)(1).**

21. Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of Wexford, the IDOC, and/or policies and practices in place at Pinckneyville or Danville at any time during any of the events or circumstances described in Plaintiff's Complaint.

**RESPONSE:**

**Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.** *Buckman v. Columbus-Cabrini Med. Ctr.*, **272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995);** *Consolidation Coal Co. v. Bucyrus-Eric Co.*, **89 Ill. 2d 103, 120 (Ill. 1983);** *People v. Ryan*, **30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960);** *Claxton v. Thackston*, **201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101** *et seq;* **745 ILCS 55/1** *et seq.* **Further, it targets medical records of nonparties with disregard for their protected health information, wholly irrelevant to this matter. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.**

**Defendant objects that this request is overly broad and vague as it does not state with particularity what documents it seeks. FRCP 26; 34. Plaintiff seeks Documents and Communications of Individual Defendants (and their counsel) that "support a claim" that they "acted inconsistently with any of the policies or practices of Wexford, the IDOC," etc., expands the scope beyond comprehension. This request's burden and overbreadth is amplified with the definition of "relate to," further expanding the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. It is impossible for Defendant to meaningfully respond to this request because it does not seek anything in particular.** *See Beesley v. Int'l Paper Co.,* **No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at \*7 (S.D. Ill. Aug. 22, 2008).**

**Defendant also objects that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, Defendant objects that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment. FRCP 26(b)(1).**

22. Documents in your possession relating to any investigation undertaken by Defendants or the IDOC, or any employee or agent of Defendants or the IDOC, into Decedent, his death, or any of the allegations in Plaintiff's Complaint, including any and all attachments and any investigator notes.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.*

Defendant also objects that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, Defendant objects that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment. FRCP 26(b)(1).

23. Documents relating to any Complaint of any Person alleging any kind of misconduct committed by any Individual Defendant within the scope of his or her employment at Pinckneyville or Danville.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.* Further, it targets medical records of nonparties with disregard for their protected health information, wholly irrelevant to this matter. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.

Defendant objects that this request is overly broad and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. Defendant also objects that Plaintiff's request is wholly irrelevant as it seeks inadmissible character evidence that cannot be used as evidence of deliberate indifference. *Hernandez v. Nielson*, 2002 U.S. Dist. LEXIS 24042, 2002 WL 31804788, at *1 (N.D. Ill. Dec. 13, 2002) ("[T]he court is at a complete loss to understand what possible relevance this evidence [of prior lawsuits] has... Just because somebody alleges something does not make it so."); FRE 401-404; FRCP 26, 34.

Defendant further objects that this request is overbroad and vague, in that it is unclear what may be deemed "relating to any Complaint of any Person alleging any kind of misconduct" of any Individual Defendant. Additionally, it is unduly burdensome and not proportional to the needs of the case and is not limited in scope or time. Plaintiff has made no attempt to identify the documents with reasonable particularity. These undue burdens

are compounded by Plaintiff's Definitions and Instructions with the definition of "relate to," further expands the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. This burden is further compound by the definition of "complaints." Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.*, No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008). These responses are unavailable due to excessive cost.

Subject to and without waiving the objections, Defendant does not maintain IDOC grievance or ARB records. See Defendant's FRCP 26 disclosures.

24.    Documents relating to training given to and/or given by each of the Individual Defendants pertaining to providing prisoners access to medical and mental health care, responding to prisoners' requests for medical or mental health care, evaluating prisoners' medical or mental health Complaints, providing medical or mental health treatment to prisoners, providing medication to prisoners, and/or referring prisoners for treatment by an outside healthcare provider. This request includes any training manuals, employment manuals, employee handbooks, procedural guides, or similar Documents provided to any of the Individual Defendants.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq*; 745 ILCS 55/1 *et seq.*

Defendant objects that this request is overly broad and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. FRCP 26. Specifically, it seeks Communications related to training. Plaintiff has made no attempt to limit the request in scope.

This request's overbreadth is amplified with the definition of "relate to," further expanding the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.*, No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008).

Defendant also objects that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, Defendant objects that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment. FRCP 26(b)(1).

Subject to and without waiving the objections, see enclosed Wexford Guidelines and Provider Handbook produced pursuant to the Court's Protective Order and bates labeled Wiley- WHS Medical Guidelines & Handbook 0001-0721.

25.    Documents relating to deaths of IDOC prisoners from cancer between January 1, 2014 through the present, including but not limited to medical and mental health records, death reviews, mortality and morbidity reports, investigative Documents, incident reports, and Communications.

RESPONSE:

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.*

Defendant objects that this request is compound, overly broad, and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. Defendant also objects that Plaintiff's request is wholly irrelevant as it seeks inadmissible character evidence that cannot be used as evidence of deliberate indifference. *Hernandez v. Nielson*, 2002 U.S. Dist. LEXIS 24042, 2002 WL 31804788, at *1 (N.D. Ill. Dec. 13, 2002) ("[T]he court is at a complete loss to understand what possible relevance this evidence [of prior lawsuits] has... Just because somebody alleges something does not make it so."); FRE 401-404; FRCP 26, 34. Defendant further objects to this request as it seeks the medical health information of non-parties. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508. Nonetheless, with the IDOC population exceeding 40,000 year over year, this request seeks overly voluminous records disproportionate to the needs of this case, unduly burdensome, overbroad, and unavailable due to excessive cost.

This request is further overbroad with the definition of "relate to," further expands the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.*, No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008).

27.    Documents relating to all Complaints by an IDOC prisoner, or any other Person, concerning delay in diagnosis or treatment of cancer. This request is limited to the past ten years.

**RESPONSE:**

**Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.** *Buckman v. Columbus-Cabrini Med. Ctr.*, **272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995);** *Consolidation Coal Co. v. Bucyrus-Eric Co.*, **89 Ill. 2d 103, 120 (Ill. 1983);** *People v. Ryan*, **30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960);** *Claxton v. Thackston*, **201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101** *et seq;* **745 ILCS 55/1** *et seq.*

**Defendant objects that this request is overly broad and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case.** *See generally Arsberry v. Wexford Health Sources, Inc.*, **No. 3:17-cv-50044, 2021 U.S. Dist. LEXIS 217636 (N.D. Ill. Nov. 10, 2021). Defendant also objects that Plaintiff's request is wholly irrelevant as it seeks inadmissible character evidence that cannot be used as evidence of deliberate indifference.** *Hernandez v. Nielson*, **2002 U.S. Dist. LEXIS 24042, 2002 WL 31804788, at \*1 (N.D. Ill. Dec. 13, 2002) ("[T]he court is at a complete loss to understand what possible relevance this evidence [of prior lawsuits] has... Just because somebody alleges something does not make it so.");** *See Dean v. Wexford Health Sources, Inc.*, **Nos. 20-3058, 20-3139, 2021 U.S. App. LEXIS 33423, at \*49 (7th Cir. Nov. 10, 2021) (finding that inmate deaths at other facilities provide no insight into deaths at facilities at question in the suit). FRE 401-404; FRCP 26, 34. Defendant further objects to this request as it seeks the medical health information of non-parties. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508. Nonetheless, with the IDOC population exceeding 40,000 year over year and this request for records of this population for ten years, this request seeks overly voluminous records disproportionate to the needs of this case, unduly burdensome, overbroad, and unavailable due to excessive cost.**

**This request is further overbroad with the definition of "relate to," further expands the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. This burden is further compound by the definition of "complaints." Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular.** *See Beesley v. Int'l Paper Co.*, **No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at \*7 (S.D. Ill. Aug. 22, 2008).**

29.    Documents containing, memorializing, or pertaining to requests by Wexford or any of its employees or agents for evaluation, consultation, or treatment of prisoners at Pinckneyville or Danville by an outside healthcare provider. This request includes but is not limited to referral requests, requests for consultation, reports of consultation, collegial reviews, authorization comments, pre-certification notifications, non-approval/approval forms, launch reports, certifications of service, daily activity reports, and all other utilization management documentation. This request is limited to the past ten years.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.*

Defendant objects that this request is compound, overly broad, and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. *See generally Arsberry v. Wexford Health Sources, Inc.,* No. 3:17-cv-50044, 2021 U.S. Dist. LEXIS 217636 (N.D. Ill. Nov. 10, 2021). FRE 401-404; FRCP 26, 34. Defendant further objects to this request as it seeks the medical health information of non-parties. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508. Nonetheless, with the IDOC population exceeding 40,000 year over year, and as this request covers two facilities for ten years, this request seeks overly voluminous records disproportionate to the needs of this case, unduly burdensome, overbroad, and unavailable due to excessive cost.

This request is further overbroad with the definition of "relate to," further expands the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. This burden is further compound by the definition of "complaints." Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.,* No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008).

Subject to and without waiving the foregoing objections, see Decedent's IDOC medical records. See enclosed ESI Results bates labeled Wiley- ESI results 0001-0345 and UM notes bates labeled Wiley UM notes 0001-0507.

30.    All Documents, including but not limited to manuals, protocols, procedural guides, rules, policies, practices, guidelines, and training materials, from the period of January 1, 2014 through the present (including any changes to any of the above-mentioned materials) regarding the following subjects:

a.  Access to medical evaluation or treatment by prisoners;
b.  Provision of medical and care to prisoners;
c.  Medical services provided at Pinckneyville or Danville;
d.  Transfer of prisoners to offsite medical facilities for evaluation or treatment, including payment by Defendants or the IDOC for treatment at outside medical facilities;

e.  Communications amongst and between medical staff regarding a prisoner's health, including any Complaints;

f.  Requests by prisoners for medical attention, evaluation, or treatment;

g.  Documentation of encounters with medical evaluations of, medical treatment to, and requests for medical treatment by prisoners;

h.  Healthcare staffing levels at Pinckneyville or Danville;

i.  Treatment protocols;

j.  Utilization review management;

k.  Quality improvement program(s);

l.  Diagnosis, evaluation, and treatment for cancer;

m.  Diagnosis, evaluation, and treatment for colon cancer;

n.  Diagnosis, evaluation, and treatment for sudden or dramatic weight loss; and

o.  Differential diagnosis.


**RESPONSE:**

**Defendant objects that this request consists of 15 requests, which, in addition to the other requests by Plaintiff, are facially overbroad and irrelevant to constitute unquestionable undue burden and oppression upon Defendant. Defendant further objects that this request is overbroad in scope, unduly burdensome, and not proportional to the needs of the case. FRCP 26(b). Defendant also objects that several of the categories listed are overly broad, vague, irrelevance, and have no probative value. FRCP 34; *Booker v. McCarty*, 2017 U.S. Dist. LEXIS 182753 \*3-4 (S.D. Ill., Nov. 3, 2017) (requests for "any and all" IDOC policies, directives, regulations, or documents received from county jail regarding the Plaintiff were overly broad, compound, of marginal relevance, and little probative value). For instance, Plaintiff has requested production of all policies, practices, and procedures regarding "provision of medical care to prisoners," which could be interpreted to include everything Wexford does in Illinois. In other words, everything. These responses are unavailable due to excessive cost.**

**Subject to and without waiving those objections, Defendant states that policies and procedures governing provision of medical care services in the IDOC are generally those issued by the IDOC in the form of administrative directives and institutional directives. Wexford has prepared policies and procedures manuals, but for the purpose of provision of medical care to inmates, the IDOC administrative directives and institutional directives, where applicable, supersede Wexford policies and procedures manuals. Administrative directives and institutional directives are subject to change by the IDOC and do change over time. They are maintained by the IDOC and must be produced by the IDOC for safety and security concerns.**

**Wexford further responds by stating that it published Medical Guidelines for its practitioners in the State of Illinois that were effective in 2018, during the events stated in the Complaint. Wexford written medical guidelines are expressly intended to serve as a reference tool for clinicians and do not replace sound clinical judgment nor do they strictly apply to all patients. Whether and how to apply the guidelines are decisions made by the practitioner accounting for individual circumstances. See enclosed Wexford Guidelines and**

Provider Handbook produced pursuant to the Court's Protective Order and bates labeled Wiley- WHS Medical Guidelines & Handbook 0001-0721.
Lastly, Wexford provides practitioners with UpToDate.

31.    All Documents, including Communications, regarding Complaints by IDOC employees about the actions of Wexford employees.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.*

Defendant objects that this request is overly broad and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. Defendant also objects that Plaintiff's request is wholly irrelevant as it seeks inadmissible character evidence that cannot be used as evidence of deliberate indifference. *Hernandez v. Nielson*, 2002 U.S. Dist. LEXIS 24042, 2002 WL 31804788, at *1 (N.D. Ill. Dec. 13, 2002) ("[T]he court is at a complete loss to understand what possible relevance this evidence [of prior lawsuits] has... Just because somebody alleges something does not make it so."); FRE 401-404; FRCP 26, 34. Defendant further objects to this request as it seeks the medical health information of non-parties. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.

Defendant further objects that this request is overbroad and vague, in that it is unclear what may be deemed "regarding Complaints by IDOC employees about the actions of Wexford employees." Defendant also objects that Plaintiff has made no attempt to identify the documents she seeks and seeks "all" Documents which cannot be said to be proportional to the needs of the case. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994). Additionally, it is unduly burdensome and not proportional to the needs of the case and is not limited in scope or time. Plaintiff has made no attempt to identify the documents with reasonable particularity. These undue burdens are compounded by Plaintiff's Definitions and Instructions with the definition of "relate to," further expands the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. This burden is further compound by the definition of "complaints." Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.,* No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008).

32.    All audio or visual materials, including Documents memorializing the same,

depicting or relating to any of the allegations in Plaintiff's Complaint. This request includes but is not limited to photographs, video recordings, audio recordings, radio recordings, transmissions, and recordings of emergency or non-emergency phone calls.

**RESPONSE:**

**Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.** *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co*., 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.*

**Defendant further objects that this request is overbroad and vague, in that it is unclear what Plaintiff seeks. Defendant also objects that Plaintiff has made no attempt to identify the documents she seeks and seeks "all" Documents which cannot be said to be proportional to the needs of the case.** *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994). **Plaintiff has made no attempt to identify the documents with reasonable particularity. These undue burdens are compounded by Plaintiff's Definitions and Instructions with the definition of "relating to." Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined.**

**Subject to and without waiving the objections, see Defendant's FRCP 26 disclosures.**


33.     All physical evidence relating to any of the allegations in Plaintiff's Complaint of any of Defendants' defenses to Plaintiff's Complaint.

**RESPONSE:**

**Defendant objects that this request is overbroad and vague, in that it is unclear what Plaintiff seeks. Defendant also objects that Plaintiff has made no attempt to identify the documents she seeks and seeks "all" Documents which cannot be said to be proportional to the needs of the case.** *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994). **Plaintiff has made no attempt to identify the documents with reasonable particularity. These undue burdens are compounded by Plaintiff's Definitions and Instructions with the definition of "relate to," further expands the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. Subject to and without waiving the objections, see Defendant's FRCP 26 disclosures.**

34.     Any and all demonstrative aids or exhibits which may be used at trial. Please note your continuing obligation to supplement this request pursuant to Rule 26(e).

**RESPONSE:**

**Defendant objects that this request is overbroad and vague, in that it is unclear what Plaintiff seeks. Defendant also objects that Plaintiff has made no attempt to identify the documents she seeks and seeks "all" Documents which cannot be said to be proportional to the needs of the case. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, \*28, 1994 WL 380613 (N.D. Ill. July 18, 1994). Plaintiff has made no attempt to identify the documents with reasonable particularity. Plaintiff's request seeks production outside the scope of discovery. To the extent it seeks discoverable information, Defendant will produce its exhibit list in accordance with the FRCP and the Court's Scheduling Order. FRCP 26; 34.**

35.    All Documents relating to any Rule 26(a)(2) expert witnesses retained by Defendants in this matter, including but not limited to:

a.    All Communications to and from said expert(s);
b.    All Documents provided to and/or relied upon by said expert(s);
c.    All notes, reports, and analyses by said expert(s), including any handwritten markings on any materials provided to the expert(s);
d.    All bills or statements of the hours and compensation paid to or billed by the expert(s) for work on this matter; and
e.    Any transcripts of prior testimony of Rule 26 reports of said expert(s).

Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

**RESPONSE:**

**Defendant objects to the extent Plaintiff seeks production of documents and communications deemed privileged under FRCP 26. Defendant also objects that this request is premature. Defendant will produce information on expert witnesses as required by the Court's orders and the Federal Rules of Civil Procedure.**

36.    All Documents in your possession, custody, or control that would support or rebut a contention by any of the Defendants that an award of punitive damages would cause a financial hardship to that Defendant.

**RESPONSE:**

**Defendant objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to disclosure of confidential business information or personal financial information of individual defendants not justified at this point in the litigation. At minimum, this request is premature as the financial information can only be used for punitive damages at trial and is not relevant to merits based discovery. Further, providing confidential business information or personal financial information would be unduly burdensome and overly prejudicial, especially as**

**supplementing these responses will be unduly burdensome without providing anything substantive at this time. FRCP 26; 34.**

37.    All Documents relating to your net worth, including the following:

a.    All Documents relating to any assets in your possession with a value in excess of $2,500;

b.    Copies of all monthly statements for the period of January 2010 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;

c.    Copies of any insurance policies in which you are either the beneficiary or have any other ownership interest;

d.    A copy of the deed to your residence. If you do not own your home, please produce a copy of a current lease;

e.    A copy of the title to your automobiles, as well as a copy of all documentations relating to financing, ownership, and any equity you may have in said automobiles;

f.    All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

g.    A copy of your last four pay stubs relating to any employment in which you are engaged;

h.    All Documents relating to any mortgage applications signed by you in the past three years; and

i.    Copies of your last three state and federal income tax returns.

**RESPONSE:**

**Defendant objects to this request as compound, overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to disclosure of confidential business information not justified at this point in the litigation. At minimum, this request is premature as the financial information can only be used for punitive damages at trial and is not relevant to merits based discovery. Further, providing confidential business information would be unduly burdensome and overly prejudicial, especially as supplementing these responses will be unduly burdensome without providing anything substantive at this time. FRCP 26; 34. Lastly, Plaintiff's subcategories are compound, unduly burdensome, and are an attempt to harass Defendant.**

38.    All Documents identifying any policymaker who was responsible for or had final policymaking authority for any policy, procedure, or practice on any of the subjects identified in Plaintiff's Request for Production No. 30, above.

**RESPONSE:**

**Defendant objects that this request is compound, overly broad, and unduly burdensome, as Request for Production No. 30, and therefore this request which refers to it, is not limited to a relevant time period, scope of medical conditions at issue, geographical location, or in any other way limited to ensure that it is crafted to seek information relevant**

to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FRCP 26(b)(1). Defendant incorporates by reference its objections to Request No. 30 as if stated fully herein. Subject to and without waiving the objections, see Defendant's Answer, subject to objections, to interrogatory #10.

39.    All Document relating to any effort of the policymakers identified by Plaintiff's Request for Production No. 38 to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any policy, procedure, or practice on any of the subjects identified in Plaintiff's Request for Production No. 30, above.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq*.

Defendant further objects that this request is compound, overbroad, unduly burdensome, and vague, in that it is unclear what Plaintiff seeks. Defendant also objects that Plaintiff has made no attempt to identify the documents she seeks and seeks "all" Documents which cannot be said to be proportional to the needs of the case. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994). Plaintiff has made no attempt to identify the documents with reasonable particularity. These undue burdens are compounded by Plaintiff's Definitions and Instructions with the definition of "relating to," further expands the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. These responses are unavailable due to excessive cost.

Defendant objects that this request is overly broad and unduly burdensome, as Requests for Production No. 30 and 38, and therefore this request which refers to it, is not limited to a relevant time period, scope of medical conditions at issue, geographical location, or in any other way limited to ensure that it is crafted to seek information relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit. FRCP 26(b)(1). Defendant incorporates by reference its objections to Request No. 30 as if stated fully herein.

Defendant objects that this request could be interpreted to incorporate the assumption that there is an identifiable "deficiency, shortcoming, or other problem" in an applicable regulation or policy, which has not been established. Subject to and without waiving the objections, Defendant respond that a "deficiency, shortcoming, or other problem" has not been identified in any relevant guideline. Wexford is not involved in evaluation or amendment of IDOC administrative directives and institutional directives, and so cannot provide responsive information related to perceived deficiencies in those rules.

40.    All Documents relating to the supervision, discipline, evaluations, and oversight of medical staff or healthcare employees at Pinckneyville or Danville. This request includes but is not limited to Documents regarding the chain of command at Pinckneyville or Danville, and policies, rules, regulations, or the like governing supervision, oversight, and discipline of medical staff or healthcare employees (including certified medical technicians) at Pinckneyville or Danville.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq*. Defendant further objects to this request as it seeks the medical health information of non-parties. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.

Defendant objects that this request is compound, overbroad in scope and time, unduly burdensome, and not proportional to the needs of the case. FRCP 26(b). Defendant also objects that several of the categories listed are overly broad, vague, irrelevance, and have no probative value. FRCP 34; *Booker v. McCarty*, 2017 U.S. Dist. LEXIS 182753 *3-4 (S.D. Ill., Nov. 3, 2017) (requests for "any and all" IDOC policies, directives, regulations, or documents received from county jail regarding the Plaintiff were overly broad, compound, of marginal relevance, and little probative value). For instance, Plaintiff has requested all documents relating to the "oversight of medical care," which could be interpreted to include everything Wexford does in Illinois. In other words, everything. These responses are unavailable due to excessive cost. Subject to and without waiving those objections, see objections and responses to Request No. 30 as if fully stated herein.

41.    All Documents relating to administration and assessment of the healthcare

services provided at Pinckneyville or Danville from January 2014 to the present. This request includes but is not limited to all Documents related to:

    a.    Complete and unredacted contracts for services, requests for bids and any bids submitted by other healthcare providers;

    b.    Contract compliance monitoring or audits, all healthcare contract performance summary reports, primary medical service reports, and flash reports;

    c.    Quality assurance or continuous quality improvement processes, including continuous quality improvement reports for the above-mentioned facilities, governing body continuous quality improvement reports, as well as all studies, audits, presentation, reviews of grievances, notes, and other attachments to such Documents;

    d.    External and internal audits of healthcare services at Pinckneyville or Danville (or the IDOC as a whole), including audits of treatment protocols, performance-based audit reports;

    e.    Accreditation evaluations or mock evaluations; and

    f.    Meetings and minutes of meetings regarding healthcare at Pinckneyville or Danville (or the IDOC as a whole) attended by Wexford or the IDOC; and

    g.    Communications relating to parts a–e, above.

**RESPONSE:**

**Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.** *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq.* **Defendant further objects to this request as it seeks the medical health information of non-parties. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.**

**Defendant further objects that this request is compound, overbroad, unduly burdensome, and vague, in that it is unclear what Plaintiff seeks. Defendant also objects that Plaintiff has made little attempt to identify the documents she seeks and seeks "all" Documents which cannot be said to be proportional to the needs of the case.** *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994). **These undue burdens are compounded by Plaintiff's Definitions and Instructions with the definition of "relate to," further expands the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense. Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. Given the addition of requests for communication on the seven vague, overbroad, and unduly burdensome categories, it is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular.** *See Beesley v. Int'l Paper Co.,* No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008). **These responses are unavailable due to excessive cost.**

Lastly, as Plaintiff produced the purported contracts with the State of Illinois, they are readily available to her and duplicative production could only increase the cost of litigation.  FRCP 26; 34.

42.    All Documents relating to any lawsuit or Complaint to which any Defendant has ever been a party. This request is limited to the last ten years.

**RESPONSE:**

Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq;* 745 ILCS 55/1 *et seq*.

Defendant objects that this request is overly broad and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case.  Defendant also objects that Plaintiff's request is wholly irrelevant as it seeks inadmissible character evidence that cannot be used as evidence of deliberate indifference. *Hernandez v. Nielson*, 2002 U.S. Dist. LEXIS 24042, 2002 WL 31804788, at *1 (N.D. Ill. Dec. 13, 2002) ("[T]he court is at a complete loss to understand what possible relevance this evidence [of prior lawsuits] has... Just because somebody alleges something does not make it so."); FRE 401-404; FRCP 26, 34.  Defendant further objects to this request as it seeks the medical health information of non-parties.  HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.

Defendant further objects that this request is overbroad and vague, in that it is unclear what may be deemed "relating to any lawsuit or Complaint to which any Defendant has ever been a party."  Additionally, it is unduly burdensome and not proportional to the needs of the case and is not limited in scope or sufficiently limited in time.  These undue burdens are compounded by Plaintiff's Definitions and Instructions with the definition of "relate to," further expands the scope of this request to "anything directly or indirectly mentioning, describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with," any allegation, claim, or defense.  Plaintiff has made no attempt to identify the documents with reasonable particularity and seeks "all Documents and Communications" that relate to "Complaints."  This burden is further compound by the definition of "complaints." Applying the definitions to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.*, No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008).  These responses are unavailable due to excessive cost.

**Subject to and without waiving the objections, Defendant does not maintain IDOC grievance or ARB records. Defendant has produced such documents obtained via subpoena pertaining to Decedent. See Defendant's FRCP 26 disclosures.**

43.    All Documents relating to the organization of Wexford as a corporate entity, including but not limited to all organizational charts, incorporation Documents, statements of organization, and state registration Documents.

**RESPONSE:**

**Defendant objects that this request is overbroad in that it seeks irrelevant information, and that it is vague in meaning and ambiguous in scope of the phrase "relating to" in this context. Subject to and without waiving the objections, Wexford Health Sources, Inc., is corporation registered in the State of Florida, and that the Secretary of State of the State of Florida provides publicly available confirmation of that fact.**

46.    Produce the following documents relating to *Dean v. Wexford Health Sources, Inc.*, Case No. 3:17-cv-03112-SEM-TSH (C.D. Ill.):

b.    All written discovery requests and written discovery responses;
c.    All documents produced or gathered pursuant in discovery;
d.    All deposition transcripts;
e.    All exhibits (including demonstrative exhibits and animations) offered during trial; and
e.    All video or audio recordings of depositions.

**RESPONSE:**

**Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101 *et seq*; 745 ILCS 55/1 *et seq.* Further, this request also seeks documents subject to a protective order restricting their production.**

**Defendant objects that this request is compound, overly broad, and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. Defendant also objects that Plaintiff's request is wholly irrelevant as it seeks inadmissible character evidence that cannot be used as evidence of deliberate indifference. *Hernandez v. Nielson*, 2002 U.S. Dist. LEXIS 24042, 2002 WL 31804788, at *1 (N.D. Ill. Dec. 13, 2002) ("[T]he court is at a complete loss to understand what possible relevance this evidence [of prior lawsuits] has... Just because**

somebody alleges something does not make it so."); FRE 401-404; FRCP 26, 34. Defendant further objects to this request as it seeks the medical health information of non-parties. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.

Additionally, it is unduly burdensome and not proportional to the needs of the case and is not limited in scope. Plaintiff has made no attempt to identify the documents with reasonable particularity and seeks "all Documents" and federal courts have noted that requests that require production of all documents Defendants may rely upon are overbroad. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994). It is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular. *See Beesley v. Int'l Paper Co.*, No. 06-703-DRH, 2008 U.S. Dist. LEXIS 112361, at *7 (S.D. Ill. Aug. 22, 2008). These responses are unavailable due to excessive cost.

Plaintiff is attempting to essentially double the discovery burden on Defendant by seeking the entirety of discovery in another case. In addition to the patently overbroad nature of the requests and the targeted attempt to obtain attorney client communication and work product, Plaintiff's allegations here relate to the medical care at Pinckneyville and Danville Correctional Centers, where as *Dean* related to medical care at Taylorville Correctional Center. *Dean*, 2021 U.S. App. LEXIS 33423 at *2. The 7th Circuit, in *Dean*, explicitly found opinions as to care at other facilities entirely irrelevant to a *Monell* claim. *Id.* at *49. Further, the allegations in *Dean* concerned, "Wexford's 'collegial review' policy," where no such allegation is made in this matter. *Id.* at *2. Instead of heeding the directives of the 7th Circuit, Plaintiff takes the requests further and not only seeks opinions from another case, but also seeks essentially all documents from another litigation. None of this is relevant, discoverable, or proportionate to the needs of this case.

47.    Produce all Documents in your possession relating to the following persons identified in the 2014 *Lippert* Report, including any Documents or Communications relating to medical care for each such person and any Documents or Communications relating to Complaints relating to each such person:

a.    Page 7 (Person described in the passage beginning: "At the same facility, Patient 08044 presented with classic signs and symptoms of lung cancer from the time he arrived in IDOC, yet these were ignored by health care staff for three months. . . .")

b.    Page 15 (Person described in the passage beginning: "Finally, in one of the Dixon death reviews, a patient was identified who was diagnosed with early prostate cancer at Cook County Jail. . . .")

c.    Page 30: (Person described in the passage beginning: "Hill Death Review. Patient #N41619 entered IDOC in 1984 and arrived at Hill Correctional Center in 2009, having stopped smoking two years earlier. . . .")

d.       Page 30. (Person described in the passage beginning: "This is the case of a patient from Dixon whose is a 65-year-old male with hypertension, asthma, GERD and a positive TB skin test. . . .")

e.       Page 30: (Person described in the passage beginning: "Pontiac Death Review. The patient, #B33741 Delay in Obtaining Timely Appointment . . . . A two-month delay in the neurosurgery consult is excessive, given the nature of the patient's diagnosis. . . .")

48.      Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of the medical care provided to each person identified in Request No. 47.

**RESPONSE:**

**Defendant objects as this request targets privileged communication, including quality assurance documents and communication, as well as attorney client communication and work product, and insured/insurer communication.** ***Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995);** ***Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983);** ***People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960);** ***Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990); 735 ILCS 5/8-2101** *et seq;* **745 ILCS 55/1** *et seq.* **Further, this request also seeks documents subject to a protective order restricting their production. The Stipulated Protective Order entered by the Lippert Court on April 11, 2012, provides that the requested materials are to be designated "Confidential," or "Attorneys Eyes Only." In addition to the overbroad and unduly burdensome nature of these requests, Plaintiff is seeking Defendant violate the Court's Order. Plaintiff has access to publicly filed documents not so restricted.**

**Defendant objects that this request is compound, overly broad, and unduly burdensome as it is not sufficiently limited to the scope or time of the allegations in the Complaint, thus it is not proportional to the needs of this case. Defendant also objects that Plaintiff's request is wholly irrelevant as it seeks inadmissible character evidence that cannot be used as evidence of deliberate indifference.** ***Hernandez v. Nielson*, 2002 U.S. Dist. LEXIS 24042, 2002 WL 31804788, at \*1 (N.D. Ill. Dec. 13, 2002) ("[T]he court is at a complete loss to understand what possible relevance this evidence [of prior lawsuits] has... Just because somebody alleges something does not make it so."); FRE 401-404; FRCP 26, 34. Defendant further objects to this request as it seeks the medical health information of non-parties. HIPAA, 42 C.F.R. §164.508; HITECH, 42 C.F.R. §164.508.**

**Plaintiff's Requests 47-43 regarding the 2014 Lippert reports are nearly identical to Requests 54-60 regarding the 2018 Lippert report. Plaintiff's initial requests, numbers 47 and 54, seek Documents and Communications "relating to," specific persons identified in the reports. Initially these requests are overly broad, unduly burdensome, not proportional to the needs of the case, oppressive, and irrelevant where Plaintiff seeks "all" Documents. These requests are further overbroad with the definition of "relate to," addressed above.** ***See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, \*28, 1994 WL 380613 (N.D. Ill. July 18, 1994). These responses are unavailable due to excessive cost.**

Further, Plaintiff's allegations relate to the diagnosis of colon cancer at Pinckneyville and Danville Correctional Centers, where the individuals Plaintiff identifies from the 2014 report were housed at Illinois River, Dixon, Hill, and Pontiac Correctional Centers. *Lippert Et. Al. V. Ghosh et. al*., 1:10cv4603, (Doc. No. 339, pg. 7). Individuals assessed for the 2018 report were housed at Logan, Stateville, Menard, and Dixon. (Doc. No. 767-2, pp. 5, & 26-27; 33; 34; 44; 46; 50; 56; 57; 63); (Doc. No. 767-6, pg. 10; 37). As previously argued, the 7th Circuit in *Dean*, found evidence from other facilities entirely irrelevant to a Monell claim. 2021 U.S. App. LEXIS 33423 at *49. Plaintiff also seeks all documents for these specific patients who clearly have a different condition, including Crohn's' diseases, lung cancer, and a neurological condition. Although relevance is not the sole standard to determine the scope of discovery, when assessing the immense burden implicated by these requests compared to the known inadmissibility of the documents and communication, it is clear that Plaintiff's requests are significantly disproportionate to the needs of this case. So too weighing against Plaintiff's requests is that they seek unfettered access to protected health information of nonparties irrelevant to the needs of this case.

This burden is amplified by the request for Communications as to nearly every aspect of *Lippert*. As discussed above, Plaintiff is targeting attorney client communication and work product, in addition to protected health information of nonparties. Further, practically, these searches for Communications for more than a decade that could "relate to" *Lippert* in any way would yield such results that review for the obvious privileged communication would create an astounding undue burden of expense. Additionally, Requests 48, 53, 55, and 60 explicitly seek other Documentation and Communications directly related to Requests 47 and 54 and so too are irrelevant and significantly unduly burdensome.

Next, Requests 49-52, and 56-59 broadly seek "all Documents or Communications," discussing or relating to these reports' description of care provided to persons with cancer, delay in care, care to IDOC prisoners, and changes made in light of the reports. These requests are overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. Such broad requests, irrespective of condition or location, will encompass mostly, if not all, irrelevant materials, including medical care wholly unrelated to the allegations in this complaint (i.e. dental care, optometry, or ADA accommodations). Requests such as this have already been found not reasonably tailored to a *Monell* claim. See generally *Arsberry v. Wexford Health Sources, Inc*., No. 3:17-cv-50044, 2021 U.S. Dist. LEXIS 217636 (N.D. Ill. Nov. 10, 2021). Further, for the reasons identified above, these communications target nonparty protected health information, privileged communication, and work product and are unavailable due to cost.

In sum, Plaintiff's requests for materials from a class action spanning a decade is per se unduly burdensome and unavailable due to undue expense. FRCP 26(c). As these documents are ultimately inadmissible, they cannot be proportional to the needs of this case. However, the Court need not dive fully into the admissibility of Lippert documents to find that the requests are improper. Plaintiff's requests for Communications based on a decade long class action inherently seeks overly voluminous attorney client communication and work product, along with other privileged and protected information unrelated to this case. Thus, it is impossible for Defendant to <u>meaningfully</u> respond to this request because it does not seek anything in particular or discoverable. *See Beesley v. Int'l Paper Co*., No. 06-703-

*DRH*, 2008 U.S. Dist. LEXIS 112361, at \*7 (S.D. Ill. Aug. 22, 2008). **These responses are also unavailable due to excessive cost.**

49.     Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of medical care provided to persons with cancer.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

50.     Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of purported delay in providing medical care.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

51.     Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of the medical care provided to IDOC prisoners.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

52.     Produce all Documents and Communications discussing or relating to any actual or potential changes in policies, practices, rules, protocols, procedures, budgeting, recruiting, training, retention, or discipline, in light of the information contained in the 2014 *Lippert* Report.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

53.     Produce all documents relating to any reprimands, sanctions, discipline, demotion, or any other sanction imposed on any person in whole or in part because of medical care described in the 2014 Lippert Report for each person identified in Request No. 47.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

54.     Produce all Documents in your possession relating to the following persons identified in the 2018 *Lippert* Report, including any Documents or Communications relating to medical care and any Documents or Communications relating to Complaints:

a.    PageID #:11709: (Person described in the passage beginning: "We found in four of six hospitalized patients that there were delays in diagnosis because of untimely referral for higher level care. Two of these delays were extended (10.5 and 11 months). One likely resulted in dissemination of colon cancer.")

b.    PageID #:11730: (The two persons described in the passage and bullets: "In the six hospital records we evaluated, we noted delayed diagnosis in four of the six patients. These delays included: . . . .
    • A three-month delay in evaluation of pancreatic cancer . . . .
    • An 11-month delay in identification of colon cancer which likely resulted in dissemination of the cancer.")

c.    PageID #:11731: (Person described in the passage beginning: "The first patient was incarcerated at LCC on 1/11/17........")

d.    PageID #:12067: (Person described in the passage beginning: "In summary, the failure to deliver his Crohn's medications in July 2017 triggered a flare-up of his disease which persisted intermittently for the next six months. . . .")

e.    PageID #:11738: (Person described in the passage beginning: "Another patient was 50 years old........")

f.    PageID #:11853: (Person described in the passage beginning: "The patient weighed 208 pounds in a chronic clinic visit on 5/5/15. . . .")

g.    PageID #:12079: (Person described in the passage beginning: "Another patient was 56 years old and was incarcerated at Graham on 9/15/15 before being transferred to SCC.")

h.    PageID #:11754: (Person described in the passage beginning: "The first example is a patient who had complaints of persistent lower abdominal pain, intermittent episodes of passing bright red blood from her rectum, and progressive weight loss for almost a year without timely work up. . . .")

i.    PageID #:11864. (Person described in the passage beginning: "Another patient initially complained to a nurse of neck pain in March of 2016, and the nurse did not refer to a provider, but gave the patient ibuprofen by protocol. . . .")

j.    PageID #:11641: (Person described in the passage beginning: "Another patient had an annual physical examination on 2/15/16 and weighed 345 lbs.")

k.    PageID #:11647: (Person described in the passage beginning: "Another example was a 48-year-old man who was transferred to DCC in February of 2015 with a diagnosis of metastatic colon cancer.")

l.    PageID #:11527 (Person described in the passage beginning: "A 45-year-old mentally ill man developed a firm neck mass.")

m.  PageID #:11529 (Person described in the passage beginning: "Another 72-year-old patient was inadequately evaluated over an eight-month period for abdominal pain, but eventually was sent to an emergency room, where a CT scan showed a large retroperitoneal mass consistent with cancer.")

n.  PageID #:12138 (Person identified as: Patient #1 Danville.)

o.  PageID #:12145 (Person identified as: Patient #8 Dixon.)

p.  PageID #:12147 (Person identified as: Patient #9 Stateville.)

q.  PageID #:12169 (Person identified as: Patient #20 Logan.)

r.  PageID #:12171 (Person identified as: Patient #21 Menard.)

s.  PageID #:12175 (Person identified as: Patient #23 Menard.)

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

55.  Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of the medical care provided to each person identified in Request No. 54.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

56.  Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of medical care provided to persons with cancer.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

57.  Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of delay in providing medical care.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

58.     Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of the medical care provided to IDOC prisoners.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

59.     Produce all Documents and Communications discussing or relating to any actual or potential changes in policies, practices, rules, protocols, procedures, budgeting recruiting, training, retention, or discipline, in light of the information contained in the 2018 *Lippert* Report.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

60.     Produce all documents relating to any reprimands, sanctions, discipline, demotion, or any other sanction imposed on any person in whole or in part because of medical care described in the 2018 Lippert Report for each person identified in Request No. 54.

**RESPONSE:**

**See objections to Request No. 48 as if fully stated herein.**

CASSIDAY SCHADE LLP

By: _____
One of the Attorneys for Defendants WEXFORD HEALTH SOURCES, INC., JUSTIN YOUNG, CYNTHIA ROSS, R.J. DUPREY, ANGELICA WACHTOR, AND COURTNEY WALKER

Jaclyn A. Kinkade
ARDC No. 6333722
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580

St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Response to Request for Production was served via email before the hour of 5:00 p.m., on June 14, 2022.  Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

Jon I. Loevy, Esq.
Sarah Copland Grady, Esq.
Stephen H. Weil, Esq.
Alison Bitterly, Esq.
Loevy & Loevy
311 North Aberdeen Street
Third Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (Fax)
jon@loevy.com
sarah@loevy.com
weil@loevy.com

11007330