IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEYANA WILEY, Administrator of the Estate of Omar McCullough, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| JUSTIN YOUNG, COURTNEY WALKER, ANGELICA WACHTOR, JUSTIN DUPREY, WEXFORD HEALTH SOURCES, INC., CYNTHIA ROSS, | ) ) ) ) ) ) )   Case No. 3:21-cv-599-DWD |
| Defendants, | ) ) ) |
| vs. | ) ) ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS | ) ) ) |
| Interested Party. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Plaintiff's Motion for an Extension of Time to Complete Fact Discovery, which seeks an additional 1 month of time to permit depositions of Defendant Wexford and the nonparty IDOC under Federal Rule of Civil Procedure 30(b)(6). (Doc. 183, pg. 1). Defendant Wexford, in a Response, opposes the request. (Doc. 186).

When resolving a similar request in Plaintiff's favor on May 10, 2024, the Court found good cause for a limited extension of the fact discovery deadline due to the size of recent IDOC productions, the large amount of discovery produced in the case, and the various disputes and contested motions that delayed the completion of fact discovery.

(Doc. 182). However, the Court made clear that, "[a]bsent extraordinary circumstances, the Court will not allow further extensions of time." (Doc. 182).

Nevertheless, in the instant Motion, Plaintiff explains: "Unfortunately, and despite Plaintiff's counsel's best efforts, Plaintiff has been unable to complete these conferences in time to meet the…extension deadline set out in the Court's most recent order." (Doc. 183, pg. 2). Plaintiff also concedes that Defendant Wexford's "pitched battle" to *Monell* discovery has not been inappropriate. (Doc. 187, pg. 2).

Now, the Court **FINDS** Plaintiff's explanation, as elaborated upon in the Motion, is insufficient to establish good cause or extraordinary circumstances. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). While the Court does not doubt the parties' recent "hard work" when attempting to resolve the issues related to the Rule 30(b)(6) depositions, it cannot find Plaintiff's diligence in serving the Rule 30(b)(6) deposition notices at the late date of March 15, 2024, which was one month before the prior close of fact discovery, warrants yet another extension of that deadline. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("[T]he primary consideration for district courts is the diligence of the party seeking amendment."); (Doc. 183, pgs. 6-7). This is especially the case in light of the numerous prior extensions afforded to the parties and the Court's admonition regarding extraordinary circumstances on May 10, 2024. (Doc. 182). In short, the Court is unconvinced that, even considering the outstanding productions of the IDOC, Plaintiff's attorney was unable to act more diligently to ensure the completion of the Rule 30(b)(6)

depositions and the resolution of the associated issues raised by Defendants. Deadlines exist for a reason, and the Court must now advance the case past fact discovery.

For these reasons, the instant Motion is **DENIED**. Except for the records related to the medical care of eight inmates that were subpoenaed by Plaintiff from the IDOC, which shall be produced per those parties' agreement, fact discovery is now closed. As previously ordered, "[o]n or before June 17, 2024, the parties are **DIRECTED** to meet, confer, and report to the Court on a proposed amended scheduling and discovery order that resets all remaining deadlines." (Doc. 182). The Motion to Deem Filed Nunc Pro Tunc (Doc. 184) is **GRANTED**, and the Motion for an Extension of Time to Complete Discovery is **DEEMED FILED** on May 27, 2024.

**SO ORDERED.**

Dated: June 7, 2024

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge