UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEYANA WILEY, Administrator of the Estate of OMAR MCCULLOUGH #K77858, Plaintiff, v. JUSTIN YOUNG, C. WALKER, ANGELA WACHTOR, JUSTIN DUPREY, JANE DOE, WEXFORD HEALTH SOURCES, INC., and NURSE CYNTHIA, Defendants. | Case Number 3:21-cv-00599-DWD Judge David W. Dugan |

**URGENT MOTION TO STRIKE PLAINTIFF'S 26(a)(2)(B) DISCLOSURES**

COME NOW Defendants WEXFORD HEALTH SOURCES, INC., CYNTHIA ROSS, R.J. DUPREY, COURTNEY WALKER, JUSTIN YOUNG, and ANGELICA WACHTOR, by and through their attorneys, CASSIDAY SCHADE LLP, and for their Urgent Motion to Strike Plaintiff's 26(a)(2)(B) Disclosures, state as follows:

**PRODECURAL HISTORY**

1. Plaintiff filed this lawsuit on June 16, 2021. (Doc. 1).

2. Plaintiff's original expert deadline in this case was December 30, 2022. (Doc. 63).

3. On December 30, 2022, the parties jointly moved for an extension of time to complete discovery as discovery motions were pending and additional party depositions needed to be taken. This motion was granted, and Plaintiff's expert deadline was extended to May 31, 2023. (Doc. 97).

4. On March 31, 2023, Plaintiff filed another Motion for Extension of Time seeking to extend discovery to August 11, 2023, which Defendants did not object to, and the Court granted. Plaintiff did not seek an extension of her expert disclosures and did not produce an expert disclosure. (Doc. 122).

5. On May 31, 2023, Plaintiff filed another Motion for Extension of Time seeking, in part, to extend her overdue expert disclosures to July 31, 2023, which Defendants did not object to, and the Court granted. (Doc. 133-134).

6. After a series of extensions of time, on July 31, 2023, the parties submitted their joint report. (Doc. 136-141).

7. On September 28, 2023, Plaintiff filed an unopposed Motion to Stay and Continued Expert Discovery, which was granted, and the Court ordered the parties submit a joint status report for the completion of discovery. (Docs. 149-150).

8. After 8 extensions of time, the status report and proposed schedule was submitted on January 12, 2024. (Docs. 151-167).

9. On February 14, 2024, the Court entered the Amended Scheduling Order setting fact discovery to close on April 15, 2024. (Doc. 170).

10. On the evening of the deadline to complete fact discovery, April 17, 2024, Plaintiff sought yet another extension of two more months of fact discovery and an unknown amount of time for the remaining deadlines, including expert disclosure deadlines. (Doc. 176). Defendants objected but Plaintiff's Motion was granted, and fact discovery closed on May 27, 2024. (Docs. 177; 182). The Court ordered the parties to confer and provide an amended scheduling order and warned that "[a]bsent extraordinary circumstances, the Court will not allow further extensions of time." (Doc. 182).

11. On May 28, 2024, Plaintiff filed yet another Motion for Extension of Time seeking another month of fact discovery and an unknown amount of time for the remaining deadlines, including expert disclosure deadlines. (Doc. 183).

12. On June 7, 2024, the Court denied Plaintiff's Motion for Extension of Time to Complete Fact Discovery. (Docs. 183; 188). Except for one class of documents, fact discovery had closed. (Doc. 188).

13. Plaintiff and Defendants provided the Court proposed scheduling and discovery orders. On June 24, 2024, the Court adopted Plaintiff's proposed scheduling and discovery order. (Doc. 189). Accordingly, Plaintiff's expert reports were due on August 5, 2024. *Id.* Defendants' expert reports are due on October 5, 2024. *Id.* All discovery is due on October 17, 2024. *Id.* Dispositive motions are due November 22, 2024. *Id.*

14. Because the deposition will require extensive travel, prior to the disclosure deadline, the parties agreed that one of Plaintiff's experts would be conducted on August 15-16, 2024, in Missoula, Montana. Counsel for Defendants is scheduled to travel to Missoula on August 14th.

15. At 11:26pm on August 5, 2024, Plaintiff's emailed their 26(a)(2) disclosures, identifying two retained experts (Dr. Schmidt and Dr. Venters) but supplied no report. Plaintiff indicated the reports would be provided August 6, 2024 at noon.

16. Plaintiff did not seek an extension of time for her expert disclosures, likely suspecting it would be denied.

17. Defendants did not receive any expert reports at noon on August 6, 2024.

18. At 10:41 pm on August 6, 2024, Plaintiff produced a report by Dr. Schmidt, but no list outlining her testimony history and no report whatsoever by Dr. Venters.

19. Plaintiff finally produced Dr. Schmidt's deposition list and Dr. Venters' written reports (at 11:40am) on August 7, 2024, two days after Plaintiff's deadline.

20. The trial in this matter is set for March 24, 2025. *Id.*

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2). A party that intends to rely upon an expert witness's testimony is required to furnish at the time and sequence ordered by the district court a report containing, among other information, a complete statement of all opinions the retained expert will provide, and the basis and reasons for them." *Id.* Failure to comply with R. 26(a)(2)'s disclosure requirement results in a sanction: the offending party is not allowed to introduce the expert witness's testimony as evidence on a "motion, at a hearing, or at trial." Fed. R. Civ. P. 37(c)(1).

The determination of whether a failure to comply with Rule 26(a) is harmless or justified is left to the broad discretion of the district court. *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005), citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). Although the court "need not make explicit findings regarding a justification or the harmlessness of the Rule 26 violation," the Seventh Circuit has indicated that the following factors should guide the court's discretion: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Westefer*, 422 F.3d at 584 n.21, citing *David*, 324 F.3d at 857.

## **ARGUMENT**

Defendants' Motion to Strike must be granted as Plaintiff's 26(a)(2)(B) disclosures are untimely. Rule 26(a)(2)(B) requires expert disclosures be "accompanied by a written report— prepared and signed by the witness—if the witness is one retained." Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's disclosures include both 26(a)(2)(B) retained experts, which require a written report,

4

and 26(a)(2)(C) non-retained experts. Accordingly, here, Plaintiff was required to provide each retained expert's written report pursuant to Rule 26(a)(2)(B) at the time of her expert disclosures.

Defendants did not receive Plaintiff's 26(a)(2)(B) disclosures until after Plaintiff's deadline had expired. As a procedural matter, Plaintiff was required to comply with the expert disclosure deadline set forth in her own proposed scheduling order and as adopted by the Court in order to rely on such expert testimony. *See* Fed. R. Civ. P. 26(a)(2). Plaintiff's wholesale failure to comply with the deadline requires her disclosures be stricken and her be barred from relying on the expert's testimony in this matter. Fed. R. Civ. P. 37(c)(1).

The Court has broad discretion in determining whether Plaintiff failed to comply with Rule 26(a). *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005), citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). Here, Plaintiff's failure to comply with Rule 26(a) was not harmless and has certainly prejudiced Defendants. Dr. Schmidt's deposition is scheduled for August 15, 2024, in Missoula, Montana. Counsel for Defendants is scheduled to travel to Missoula to depose Dr. Schmidt. Plaintiff's delay providing Dr. Schmidt's written report has impacted Defendants' ability to properly prepare for the deposition of Dr. Schmidt.

Furthermore, the Court is aware that Plaintiff sought the same expert discovery deadlines in the *Reed* matter. In other words, Plaintiff produced two different reports of Dr. Schmidt untimely (for a total of 58 pages), further reducing Defendants ability to prepare for the scheduled depositions in two matters. Although Dr. Venters' report is the same in each case, his 40-page report appears to assess the medical care of 16 non-parties. Meanwhile, on the evening of August 6, 2024, Plaintiff finally produced discovery responses that Defendants have been requesting for many months in both cases for a total of seven different supplemental discovery responses.

Plaintiff's counsel was aware that the parties had limited availability for expert depositions and, instead of either ensuring he complied with his own deadlines or seeking to extent his deadlines from the Court, Plaintiff's counsel seeks to have Defendants bear the burden of his continual delays. Defendants must note that this is a repeated and almost constant pattern of Plaintiff giving no meaning to deadlines set by the Court.

Defendants are left with the choice of conducting the scheduled depositions of Dr. Schmidt with limited time to review extensive reports and newly disclosed discovery responses or seeking to delay all the deadlines because of Plaintiff's failure. Defendants' expert disclosure deadlines and the trial date have been set, and further extensions of time will necessarily affect subsequent deadlines. Moreover, Defendants note that Plaintiff provided no explanation as to her delay in providing Defendants either expert's written report. Accordingly, for these reasons, Defendants' Motion to Strike should be granted and Plaintiff's 26(a)(2)(B) disclosures must be stricken. Given the upcoming travel and depositions, Defendants respectfully seek an urgent ruling on this matter to avoid unnecessary expense or delay.

WHEREFORE, for the above reasons, Defendants respectfully request this Honorable Court grant their Motion to Strike Plaintiff's 26(a)(2)(B) Disclosures, and for such further relief deemed appropriate.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Jaclyn A. Kinkade
    One of the Attorneys for Defendants
    WEXFORD HEALTH SOURCES, INC.,
    CYNTHIA ROSS, R.J. DUPREY, COURTNEY
    WALKER, JUSTIN YOUNG, and ANGELICA
    WACHTOR

Jaclyn A. Kinkade
ARDC No. 6333722
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 7, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Jon I. Loevy, Esq.  
Stephen H. Weil, Esq.  
Loevy & Loevy  
311 North Aberdeen Street  
Third Floor  
Chicago, IL 60607  
(312) 243-5900  
(312) 243-5902 (Fax)  
jon@loevy.com  
weil@loevy.com  

                                                          /s/ Jaclyn A. Kinkade

11988888