IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Keyana Wiley, <br><br> Plaintiff, <br><br> v. <br><br> Wexford Health Sources, Inc., *et al.*, <br><br> Defendants. | Case Number 3:21-cv-00599-SPM <br><br> Judge David W. Dugan |

**PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Plaintiff Keyana Wiley, through her undersigned counsel, submits this response in opposition to the motion to strike expert reports filed by the defendants in this case. ECF 190. (A companion motion to strike has been filed in *Reed*.)

This case, and the parallel *Reed* case pending before Judge McGlynn, are coming to a close after years of discovery. Plaintiff agrees there was a 36-hour delay in submitting expert reports. The reasons for the delay were an inadvertence that is explained below, but in all events Plaintiff has proposed to remedy the delay by offering the defendants a corresponding, four-day extension of the deadlines for their own expert reports, from October 5 to October 9—to be taken out of Plaintiff's time to depose the defendants' experts. That would be the natural and commonsense way to resolve a delay of this nature. And it would zero out any prejudice Defendants might have experienced from the short delay. Defendants, however, have rejected it.

Defendants also claim Plaintiff has provided delayed written discovery responses. But the "discovery" is a set of contention interrogatories. When the interrogatories were served, Plaintiff objected that they were premature because they required the opinions of Plaintiff's experts to answer. Even so, Plaintiff counsel gave defense counsel drafts of the interrogatory

responses on June 19.  The final, August 6 versions were substantively the same as the June 19 drafts, though modified to incorporate the expert reports.

In short: the responses to the contention interrogatories were previewed in June. And Plaintiff has offered a remedy for the 36-hour delay in submitting the expert reports that eliminates any prejudice. There is no reason to strike the reports.  The motion should be denied.

## BACKGROUND

***The delayed reports***.  Plaintiff agrees there was a delay, of 36 hours, in submitting the expert reports in question.  When preparing to finalize the reports on Sunday August 4, Plaintiff counsel noted that depositions of several treaters had inadvertently been omitted from the materials provided to Dr. Schmidt.  (Along with a potential mis-citation of depositions from one case in the other.) Counsel alerted Dr. Schmidt and promptly provided the depositions, but Dr. Schmidt needed time to review them (and confirm there had been no actual confusion in the potential mis-citation), and did not complete the review until August 6 (several hours after the 12:00 p.m. time estimate Plaintiff counsel had made to defense counsel the day before).  Plaintiff counsel produced Dr. Schmidt's reports to defendants on the evening of August 6, promptly after receiving it from Dr. Schmidt.  Dr. Venters' report (Dr. Venters has submitted the same report in *Wiley* and in *Reed*) includes a review of Dr. Schmidt's *Wiley* and *Reed* reports.  Dr. Venters therefore had to wait for Dr. Schmidt to provide finalized reports in both *Wiley* and *Reed* before finalizing his own report.  It is for this reason that Plaintiff counsel did not submit Dr. Schmidt's report until August 6, and did not submit Dr. Venters' report until the morning of August 7.

***Plaintiff offered extension***.  Plaintiff counsel served Dr. Venters' report on defense counsel shortly before noon on August 7.  Counsel's plan had been to give defense counsel some time to review both reports, and then speak with Wexford's counsel about an accommodation for

the 36-hour delay—the natural accommodation being a corresponding extension of the deadline for defendants to submit their responsive expert reports. But at 2:55 p.m., Plaintiff counsel received the defendants' filed motions to strike in both *Wiley* and in *Reed*. Plaintiff counsel first tried to call Wexford counsel to make the extension offer, but was directed to voicemail. So instead, Plaintiff counsel emailed defense counsel with the offer a few minutes later. Defense counsel declined to accept the offer.

***Contention interrogatory responses***. Defendants' motion to strike also asserts that Plaintiff "finally produced discovery responses that Defendants have been requesting for many months," and that Plaintiff counsel produced "seven different supplemental discovery responses" as well. ECF 190 at 6. The defendants have not attached any of these discovery responses, but they can easily be described. The "discovery" consists of multiple contention interrogatories. When these interrogatories were issued, Plaintiff objected they were premature, because they called for expert opinions. Even so, on June 19 Plaintiff counsel provided defense counsel with draft interrogatory responses. Those responses have remained substantively the same, except to conform to the expert opinions that Plaintiff counsel served in August—the exact reason for the prematurity objection.

The first set of discovery consisted of multiple *Monell* contention interrogatories served by Wexford. Wexford counsel had asked for responses earlier, but Plaintiff objected that the responses depended on what was submitted in the *Monell* expert's report (*i.e.*, Dr. Venters's report), and the parties had been discussing a response date for months. Nevertheless, on June 19 Plaintiff counsel provided Wexford with a draft of the *Monell* contention interrogatory responses. Plaintiff counsel ultimately had to await the finalization of Dr. Venters's report to adjust and finalize the interrogatory responses, since the basis of Plaintiff's *Monell* claim turned

on Dr. Venters' opinions.  (Plaintiff also took time to add record citations to the June 19 draft, which defense counsel had requested.)  By August 6 the interrogatory responses were substantively the same as the June 19 draft, except to conform to the instances of medical care about which Dr. Venters offers opinions (the June 19 draft responses cited numerous patients whom Plaintiff believes had received in appropriate medical care; in his report Dr. Venters offered opinions regarding some of these patients, but not all; the August 6 responses were adjusted to cite the instances of medical care about which Dr. Venters offered opinions, as Plaintiff would not be basing her contentions on this case on medical cases that Dr. Venters did not discuss in his *Monell* opinion).  Otherwise the August 6 responses were essentially unchanged from the June 19 draft Plaintiff counsel had submitted to Wexford's counsel.

      The second, "supplemental" discovery responses are similar:  they are supplemental responses to several contention interrogatories asking Plaintiff to explain her basis for asserting that the various individual defendants provided deficient medical care.  At the time these contention interrogatories were issued Plaintiff objected that they were premature.  Once again, for good reason:  opinions on the standard of care also depended on the opinions of Plaintiff's experts, as Plaintiff explained to defense counsel.  Nevertheless, on June 19 Plaintiff provided a general draft of that form response as well (the draft response was provided for a general interrogatory asking about care provided by all the individual defendants).

      The supplemental interrogatory response has changed little between June 19 and their finalization on August 6—each one is cut-and-paste, changing little. Each cites generally to the allegations in the complaint and the record in the case, and then directs each defendant to Plaintiff's expert reports to understand the basis for Plaintiff's claims regarding the medical

4

conduct of the individual defendants. This is an entirely appropriate means of responding to contention interrogatories ultimately calling for expert opinions regarding the standard of care.

## DISCUSSION

Disclosure delays are assessed under the Seventh Circuit's familiar criteria: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Under these criteria defendants' motion should be denied.

*Prejudice or surprise*. Prejudice is unlikely. The delay at issue consists of a delay of less than 36 hours. The contention interrogatory responses discussed above, meanwhile were subject to an objection that they were premature pending the submission of Plaintiff's expert reports, and in all events Plaintiff counsel provided defense counsel with draft versions of the contention interrogatory responses on June 19. There is no surprise to defense counsel regarding what is in the interrogatory responses.

*Ability of the party to cure prejudice*. For the 36-hour delay in submitting the expert reports, Plaintiff submits a corresponding extension of defendants' own deadlines is appropriate. That is fair play, and it is appropriate to be prophylactic ensuring that Plaintiff's short delay does not cause the defendants' time to respond to be shortened. And Plaintiff has done more than that, offering a four-day extension, from October 5 to October 9, to come out of their time to depose defendants' experts—meaning no time is lost to the defendants as a result of the delay. Plaintiff submits that such an extension cures any prejudice caused by the short delay.

***Likelihood of disruption to the trial***.  For the reasons set forth above, there is no likelihood that trial will be disrupted.  The extension would come out of Plaintiff's time to depose defendants' experts.  No other deadlines would move.

***Bad faith or willfulness involved in not disclosing the evidence at an earlier date***.  Plaintiff explained above the reason for the delay in submitting the expert reports.  Plaintiff respectfully submits this inadvertence does not indicate bad faith or willfulness.  And indeed Plaintiff has offered to remedy any potential prejudice with an offer of a corresponding, multi-day extension.

The timing of the contention interrogatory responses does not reflect bad faith or willfulness either. Plaintiff objected that contention interrogatories were premature because they called for the expert opinions due in August. But in all events Plaintiff counsel provided draft responses to defense counsel on June 19.  The responses have changed little, and the substantive changes have been made for the reason Plaintiff cited: the answers to the contention interrogatory responses turn on expert opinions, which were not finalized until August.

## CONCLUSION

For the foregoing reasons, the defendants' motion to strike should be denied.

Respectfully submitted,

Jon Loevy  
Stephen Weil  
Maria Makar  
LOEVY & LOEVY  
311 N. Aberdeen Street, Third Floor  
Chicago, IL 60607  
(312) 243-5900

/s/ *Stephen H. Weil*  
Stephen H. Weil  
Attorney for Plaintiff