## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

KEYANA WILEY, Administrator of the
Estate of OMAR MCCULLOUGH #K77858,

        Plaintiff,

        v.

JUSTIN YOUNG, C. WALKER, ANGELA
WACHTOR, JUSTIN DUPREY, JANE DOE,
WEXFORD HEALTH SOURCES, INC., and
NURSE CYNTHIA,

        Defendants.

Case Number 3:21-cv-00599-DWD

Judge David W. Dugan

## PLAINTIFF'S RESPONSE TO DEFENDANTS'
## RENEWED MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES

Plaintiff Keyana Wiley, through her counsel, respectfully opposes Defendants' renewed motion to strike Plaintiff's expert disclosures. ECF 197.

### INTRODUCTION

Defendants are seeking to convert Plaintiff's experts' brief delay into a windfall of the highest magnitude, asking this Court to jettison expert opinions that are essential to proving Plaintiff's claims. This extreme sanction is neither justified nor permitted under settled Seventh Circuit law. While Plaintiff regrets that her completed expert disclosures were 24–36 hours delayed, that delay was justified (as explained below), was in no way intended to cause prejudice, in fact caused no articulable prejudice, and Defendants have already sought and received a commensurate two-day extension of time for their rebuttal reports. Expert discovery still had several months left, regardless of the two-day delay in August. Nor has Plaintiff introduced "new" opinions through her experts' depositions. Dr. Schmidt's deposition testimony cannot possibly be characterized as new opinion, and the medical computations and timeline she referenced in

1

response to deposition questions were timely identified. As further explained below, there is no basis on which to strike Plaintiff's experts, and the motion should be denied.

## FACTUAL BACKGROUND

Plaintiff agrees that there was a one-day delay in producing Dr. Schmidt's report and a two-day delay for Dr. Venters' report. Plaintiff's counsel regrets this delay, the cause of which was explained in Plaintiff's response in opposition to Defendants' emergency motion to strike. ECF 191.  In summary, when preparing to finalize the reports on Sunday, August 4, 2024, the day before Plaintiff's deadline, Plaintiff's counsel discovered that certain treaters' depositions had inadvertently been omitted from the materials provided to Dr. Judy Schmidt. Counsel promptly provided the depositions, but Dr. Schmidt needed time to review them. Dr. Schmidt did not complete her review until August 6 (several hours after the 12:00 p.m. time estimate Plaintiff's counsel had made to Defense counsel the day before). Plaintiff's counsel produced Dr. Schmidt's reports to Defendants on the evening of August 6 (a 24-hour delay), promptly after receiving it from Dr. Schmidt. Compounding the error, Dr. Venters' report (the same report in *Wiley* and in *Reed*) includes a review of Dr. Schmidt's reports. Accordingly, Dr. Venters had to wait for Dr. Schmidt to provide finalized reports before finalizing his own. It is for this reason that Plaintiff's counsel submitted Dr. Schmidt's report one day late on August 6 and Dr. Venters' report 36 hours late on August 7.

Prior to the passage of the deadline on August 5, Plaintiff's counsel disclosed much of the information required under Rule 26(a)(2) and notified Defense counsel that the reports would be late and Plaintiff would be seeking an extension.

On August 7, Defendants filed an emergency motion to strike Plaintiff's medical experts Dr. Judy Schmidt and Dr. Homer Venters, arguing that the late disclosure interfered with

Defense counsel's ability to prepare for the experts' depositions. ECF 190. Defendants filed a similar emergency motion to strike in the related *Reed* case. *Reed*, 20-cv-01139, ECF 178. In the *Reed* matter, Defendants received Dr. Schmidt's report in April 2023, and admitted in the emergency motion that they had not checked whether Dr. Schmidt's report was substantially the same as the report they already had. *Id.* at 4, n. 1. Plaintiff's counsel then emailed Defense counsel offering a two-day extension of their deadline to depose Plaintiff's experts in exchange for Defendants' withdrawal of the motion to strike. Defense counsel rejected the offer.

This Court denied Defendants' motion without prejudice, and deferred consideration until after Dr. Schmidt's deposition, "which w[ould] allow for a more fulsome consideration of prejudice, Plaintiff's ability to cure any prejudice, the potential disruption to the trial schedule, and any bad faith or willfulness on the part of Plaintiff." ECF 192 (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The *Reed* court declined to expedite ruling and instructed that the motion would be set for a hearing, reasoning that excluding evidence from trial is a harsh sanction. *Reed*, ECF 180.

Defense counsel deposed Dr. Schmidt on August 15, 2024, in Montana as scheduled—nine days instead of the planned ten after receiving her report.  Dr. Venters was also deposed as scheduled, 49 days after his report was disclosed. Defense counsel was able to conduct full and extensive depositions of both experts: Dr. Venters was deposed for 14 hours, and Dr. Schmidt for over eight hours. Nevertheless, after the depositions, Defendants renewed their motions in both cases. *Wiley*, ECF 197. *Reed*, ECF 186. In the *Reed* motion, Defendants conceded that Dr. Schmidt's report was substantially the same as the report they had received in April 2023. *Id.* at 7, 9.

Nor have Defendants been prejudiced in their development of rebuttal reports. The deadline for their reports was November 5, 2024, but Defendants asked for and received a two-day extension without objection. ECF 189. Plaintiff's counsel deposed their experts on an expedited schedule, by agreement.[1] Trial is set for April 28, 2025. ECF 194.

## LEGAL STANDARD

The purpose of Rule 26(a)'s disclosure process is to prevent unfair surprise. *Westefer v. Snyder*, 422 F.3d 570, 584 (7th Cir. 2005). The expert disclosure rule is intended to give opposing parties "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2) advisory committee's note. In many cases, disclosure of an expert report may eliminate the need for an expert deposition. *Id.* Rule 26 is not meant to operate in a rigid, technical fashion that prevents parties from obtaining complete relief. *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011). Thus, when information not contained in a party's disclosures is otherwise made known during discovery, there is no further duty to supplement under Rule 26(a) because the other party has been given adequate notice. *Id.*

Courts do not resort to the sanction of barring evidence that was inadequately disclosed unless the omission was both unjustified and prejudicial. *Caterpillar*, 324 F.3d at 857. "[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.* "In determining whether a failure to disclose was unjustified and prejudicial, courts consider: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of

---

[1] Plaintiffs' counsel proposed completing all five depositions in seven business days, to be completed by the expert deadline on November 18, 2024, but Defendants suggested scheduling the final deposition on November 20, 2024.

disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Sanctions must be "proportionate to the infraction," which means that in cases like this one where the expert opinion is primary evidence on an issue, the infraction must be severe to justify barring the evidence. *Spearman Indus. Inc. v. St. Paul Fire and Marine In*s., 138 F. Supp. 2d 1088, 1095 (N.D. Ill. 2001). Barring primary evidence can be tantamount to dismissal. *Id.* at 1095. The Seventh Circuit has admonished that courts "cannot let stand a dismissal that, in light of the entire record, is not proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 739–40 (7th Cir. 1998) ("Depriving the parties of a merits disposition is serious business."). Following this instruction, rather than exclude expert witnesses, district courts impose lesser sanctions for discovery violations even where there is evidence of bad faith by the disclosing party and prejudice to the other party. *Beaton v. SpeedyPC Software*, 338 F.R.D. 232, 238 (N.D. Ill. 2021) (citing *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996), then citing *Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003) (holding expert exclusion was disproportionate sanction since prejudice could be cured by lower sanction shifting costs).

## ARGUMENT

Applying the above standards, exclusion is unwarranted here. As an initial matter, barring essential expert testimony from Plaintiff's medical indifference case is disproportionate to Plaintiff's two-day delay in disclosing their experts' reports. Additionally, applying the four *Caterpillar* factors, the late disclosure was neither unjustified nor prejudicial.

    **I.**    **Excluding crucial expert testimony from Plaintiff's medical indifference case is disproportionate to Plaintiff's two-day delay in serving their experts' reports.**

The circumstances of Plaintiff's disclosures reveal that exclusion would be entirely disproportionate. First, Plaintiff's case involves deliberate indifference by medical professionals, which often requires expert testimony.[2]  *McCann v. Cullinan*, 2015 WL 4254226, at *16 (N.D. Ill. July 14, 2015). Courts do not grant the harsh sanction of expert exclusion in cases of this nature, even in instances of more egregious violations than what occurred here. *See id.* (denying exclusion in medical deliberate indifference case, where disclosing party waited eight days post-deadline to ask opposing party for an extension, and disclosed three months late, as exclusion would substantially decrease plaintiff's chance of withstanding summary judgment); *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000) (finding that the district court abused its discretion by excluding experts where defendants had not been harmed by plaintiff's discovery violation).

Second, Plaintiff completed substantial disclosure before the deadline, which prevented the possibility of unfair surprise or prejudice. Plaintiff disclosed the identities of Dr. Schmidt and Dr. Venters, and the fact that they would be giving their expert opinions, prior to the deadline. Plaintiff sent the remainder of the disclosures throughout the 36 hours after, and Defendants could begin preparing for the expert depositions. Again, in such instances, courts deny requests for exclusion. *See Sherrod*, 223 F.3d at 613 (disclosure of the experts' names before the discovery deadline, "prevent[ed] the chance that unfair surprise would hamper the defendants' preparation of the case" especially when the trial "still appeared a long way off" and defendants had time to prepare cross examinations of the experts).

Third, Defendants were able to depose Plaintiff's experts without undue delay and adequately rebut Plaintiff's opinions with their own experts' reports, disclosed three months

---

[2] Plaintiff is not waiving any argument that her claims do not require expert testimony, but rather, notes that expert reports are routinely one of the mainstays of these claims.

later. Indeed, their experts' reports feature extensive critiques of Dr. Schmidt's and Dr. Venters' opinions. In similar circumstances, courts deny exclusion. For instance, in the case of *In re Testosterone Replacement Therapy Products Liab. Litig.*, (N.D. Ill. Sept. 24, 2017), the plaintiff was five months late in disclosing medical information after the defendant had taken his deposition. 2017 WL 4231087, *5. The court did not find any justification for the delay, but rather found that it was the result of plaintiff's counsel's lack of diligence. *Id*. The defendant, however, received the relevant records promptly, took plaintiff's deposition without delay, and incorporated the new information into its expert's report. *Id.* The court denied exclusion and held that "although the delayed disclosure was not substantially justified, [] it was almost entirely harmless." *Id*. So too here. Plaintiff's counsel by no means seeks to countenance delay and made every effort possible to minimize the delay as much as possible, as well as mitigate any possible prejudice to the Defendants.

## II. Defendants identified no prejudice or surprise, nor could they in the middle of expert discovery.

Defendants did not identify any meaningful prejudice from the one- and two-day delays, and certainly none that would be proportionate to striking Plaintiff's expert reports. For starters, the parties were in the thick of expert discovery. Defendants filed the motion to strike before even deposing Plaintiff's experts or disclosing their own experts' reports, so they had no choice but to keep any claims of prejudice vague. Now, following depositions and Defendants' expert disclosures, Defendants have renewed their motion but still fail to identify any legitimate prejudice. Since there is "no other discernible basis for concluding" Defendants were prejudiced by the two-day delay, the Court should deny their motion. *See Mid-Am. Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996) (affirming district court's determination

7

that exclusion was not warranted where movant made conclusory argument that late disclosure shortened time to prepare for deposition and formulate movant's expert's opinion).

Unsurprisingly, Plaintiff's late disclosure did not change Defendants' preparation or defense in any way. From the outset of the case, Plaintiff made clear they would rely on medical experts to support their claims. *See, e.g.*, ECF 97. The same is true for Plaintiff's intent to use expert testimony to support their *Monell* claims. ECF 150 (motion to continue *Monell* discovery and extend expert deadlines). More specifically, Defendants knew who Plaintiff's experts would be prior to complete disclosure. *See Banister v. Burton*, 636 F.3d 828, 830 (7th Cir.2011) (denying exclusion where disclosure of report was late but movant knew expert identity and that he would testify about his opinions); *Lewis v. Menard, Inc.,* 2020 WL 9349546, at *5 (S.D. Ind. Dec. 29, 2020) ("many Courts in this Circuit have held that untimely disclosures may be harmless where the opposing party had an opportunity to depose the expert or was otherwise aware of the expert's opinion").

Dr. Schmidt did not express any new opinions at her deposition, and Defendants have not identified any. The examples in Defendants' motion are instances of an expert fleshing out opinions over an eight-hour deposition. The examples serve only to prove that Defendants had full opportunity to digest Dr. Schmidt's opinions and take a thorough and complete deposition. There was no prejudice by the delayed disclosure. *See Sherrod*, 223 F.3d at 613.

The same is true for Dr. Venters. Defendants do not attempt any real argument that the two-day delay prevented them from preparing for the deposition conducted almost two months later. And as evidenced by Defendants' citations to the deposition transcript, Defendants had ample opportunity to prepare for his deposition and explore the opinions stated in his report over the course of 14 hours. In fact, the deposition was quite repetitive. Here, too, there was no

prejudice by the delayed disclosure of his report. *See NorthMobileTech LLC v. Simon Prop. Group, Inc.*, 2012 WL 12996208, at *5 (W.D. Wis. July 10, 2012) ("no significantly novel expert testimony is offered" where expert restated his analysis and gave no new reasons supporting his opinion).

Defendants attempt to shoehorn a new issue into their renewed motion to strike, which is that they did not have a spreadsheet Dr. Venters reviewed in the course of preparing his report. The parties disagree in good faith about whether the spreadsheet was discoverable, but nevertheless after meeting-and-conferring, Plaintiff has produced it to Defendants.[3] This discovery dispute is not the same as a disclosure delay and presents no grounds for striking Dr. Venters' report. To be clear, Defendants already possessed all the medical records paraphrased and summarized in the spreadsheet, and Plaintiff produced all the documents relied on by the experts. Indeed, all the medical information pertinent to the experts' opinions was initially produced by Defendants—after much litigation on the issue. *See Assaf v. Trinity Med. Ctr.*, 696 F.3d 681, 687 (7th Cir. 2012) (district court abused its discretion in barring late-disclosed evidence, as party was not prejudiced by late disclosure of information in its own files); *Washington v. City of Springfield*, 2009 WL 927498, at *2 (C.D. Ill. Apr. 1, 2009) (late disclosure was substantially justified when one party's expert could not formulate his opinion without the information requested from the other party). The spreadsheet contained no new information, and as he testified in his deposition, Dr. Venters did not formulate his opinions based on the summaries contained therein. Defendants proceeded with their deposition of Dr. Venters and at no point sought to terminate or continue it. *See In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 651 (N.D. Ill. 2006) (denying exclusion where movant went ahead with

---

[3] Defendants have also issued discovery requests about the spreadsheet, to which Plaintiff timely and properly responded.

deposition instead of filing a motion to bar); *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. at 340.

The same goes for the computations and summary Dr. Schmidt brought to her deposition and the timeline Plaintiff's counsel produced two days before, which Defendants now claim justify exclusion of her opinions. ECF 186 at 11. Regarding the timeline, Plaintiff's counsel produced the timeline as soon as he became aware of it during deposition preparation (as indicated in the email producing it). The timeline summarized the opinions in her report. There can be no argument for late disclosure under these circumstances.

As for her computations and summary, Dr. Schmidt brought these materials to aid her testimony, and fleshed them out in response to Defense counsel's questioning. Each of these materials was consistent with Dr. Schmidt's opinions and contained information Defense counsel was familiar with. Defendants did not suffer any prejudice. *See Only The First, Ltd. v. Seiko Epson Corp.*, 822 F. Supp. 2d 767, 782 (N.D. Ill. 2011) (finding no prejudice and denying exclusion where late disclosed data was consistent with prior disclosed opinions and party's strategy, arguments, and evidence); *NorthMobileTech*, 2012 WL 12996208, at *5. Indeed, Defense counsel proceeded with Dr. Schmidt's deposition without pausing to review the documents, undermining their claim of prejudice. *See In re Sulfuric Acid*, 231 F.R.D. at 340. And rather than identify any prejudice—Defendants' Motion simply criticizes Dr. Schmidt's responses to Defense counsel's questioning on the materials.

Defendants would have the Court believe that the course of this case would be entirely different if Plaintiff's disclosures were made two days prior. But this is not such a case. *See McCann*, 2015 WL 4254226, at *14 (denying exclusion and reasoning that defendants faced the costs to review the plaintiff's expert reports, depose the experts, and to obtain their own even if

plaintiff timely disclosed her experts, and this was not a prejudice that exclusion could remedy). Defendants make the conclusory argument that the 36-hour delay prejudiced Defendants, relying on: (1) *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004); (2) *Butler v. Sears Roebuck & Co.*, 2010 WL 2697601 (N.D. Ill. July 7, 2010); and (3) *Osterhouse v. Grover*, No. 3:04-cv-93-MJR, 2006 U.S. Dist. LEXIS 50282 (S.D. Ill. Jul. 20, 2006). Each case is inapposite.

In *Musser*, the disclosing party disclosed the experts as fact witnesses only. *See* 356 F.3d at 752. The defendants deposed the witnesses and moved for summary judgment without knowing plaintiff would use each of the witnesses as experts. *Id.* The plaintiff justified the failure to disclose as a misunderstanding of the law, not knowing they needed to 'formally' disclose witnesses that were already on their disclosures. *Id.* The district court held that this disclosure was unjustified, and the Seventh Circuit affirmed. *Id.* The court reasoned "that the additional costs to Gentiva of preparing a new summary judgment motion and further delay in extending the trial date are not harmless." *Id.* at 759. The court cautioned:

> "[W]e are mindful of our warning that in the normal course of events, justice is dispensed by the hearing of cases on their merits. We do not hold that a district court should always exclude evidence in similar factual scenarios; in fact, well-reasoned cases have come to the opposite result. We urge district courts to carefully consider Rule 37(c), including the alternate sanctions available, when imposing exclusionary sanctions that are outcome determinative."

*Id.* 759–60 (7th Cir. 2004) (citations omitted) (collecting cases denying exclusion). The circumstances suggesting prejudice in *Musser*—mischaracterizing expert witnesses as fact witnesses until after those witnesses had been deposed and without good cause—do not exist here.

In *Bulter*, the disclosing party prioritized another, related case, and disclosed that litigation's expert opinion in *Bulter*, then disclosed improper rebuttal and supplemental opinions. 2010 WL 2697601, at *2. The court excluded the expert opinions, holding that the late disclosure

was "tactical" and "deliberate []" and further delayed the progression of the case. *Id.* None of those factors are at play here. Plaintiff's counsel regrets the delay, which occurred to correct an error in the materials provided to their expert, and was not tactical or malicious in any way.

Finally, the *Osterhouse* court barred expert opinions that were not supported with reasoning and were not in the expert report. 2006 WL 2051301, at *3. Defendants do not even argue that about the reports at issue. Dr. Schmidt's and Dr. Venters' opinions are contained in their reports and are adequately fleshed out as Rule 26 requires. Indeed, the crux of Defendants' argument seems to be that the reports are extensive and reasoned, and that Defendants only wish they had them 36 hours earlier to better understand the experts' opinions pre-depositions. The cases Defendants cite do not support their extraordinary request for relief.[4]

In short, the punishment does not fit the crime. Plaintiff regrets her error and supported a commensurate extension for Defendants, which they have received. The weight of authority in this Circuit simply does not support such a high sanction where, as here, the prejudice is low. Without these expert opinions, Plaintiff may not be able to meet their standard of proof. Defendants are trying to extract a litigation advantage from Plaintiff's error.

## III. The delay has already been cured.

Defendants received Dr. Schmidt's report nine days before her deposition. Defendants received Dr. Venters' report almost two months before his deposition. Both depositions happened without any obstacles. Defendants argue otherwise, but do not even attempt to attribute those obstacles to the 36-hour delay. And their arguments are belied by the deposition transcripts, which show two experts fleshing out the opinions in their reports *in response to*

---

[4] Defendants also moved to strike Plaintiffs' expert disclosures based on her responses to contention interrogatories. ECF 178. Plaintiff responded to this argument, ECF 179, and Defendants did not address it in their renewed motion, so it is waived and Plaintiff does not address it here.

*counsel's questions*—as is the case in most expert depositions conducted by counsel who are well-versed in the experts' opinions.

Moreover, upon receiving Dr. Schmidt's report one day late, Defendants rejected Plaintiff's offer to extend the time to depose Plaintiff's experts and did not seek to reschedule Dr. Schmidt's deposition or recover travel costs from Plaintiff.[5] *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 340 (N.D.Ill.2005) (claim of severe prejudice by lack of responses to discovery requests was undermined by party taking the depositions in any event). And of course, expert reports are a discovery tool to use in conjunction with depositions, not simply a preparatory device, and in many cases reports may eliminate the need for a deposition. Fed. R. Civ. P. 26(a)(2) advisory committee's note.

Finally, three months after Plaintiff's two-day delay, the Court has the benefit of hindsight. There have been two granted, unopposed motions for extension, one from Plaintiff to account for the lead attorney's departure from the firm, ECF 182, and one from Defendants for a two-day extension for their expert reports. ECF 189. Defendants' time to prepare for Plaintiff's expert depositions, and their time to prepare their expert disclosures, has extended beyond two days.

### IV.    There has been no disruption and will be no disruption to trial.

Defendants cannot argue the late disclosure will delay trial. *See Spam Arrest LLC. v. Boxbe, Inc.*, 10-CV-669-WMC, 2012 WL 13070083, at *2 (W.D. Wis. Jan. 11, 2012) (no disruption to trial where movant had time to depose experts and prepare summary judgment briefing). Since the late disclosure three months ago, discovery has continued without Plaintiff's two-day delay having any effect. *See G &S Metal Consultants, Inc. v. Continental Cas. Co.*,

---

[5] Plaintiff's counsel also suggested the parties conduct Plaintiffs' expert depositions remotely, but Defense counsel declined.

2013 WL 6047574, at *5 (N.D. Ind. Nov. 15, 2013) (when discovery was open on several issues, late disclosure was harmless).

## V.    There was no bad faith or willfulness by the delay.

Finally, there is no bad faith here. Plaintiff accepts responsibility for missing the deadline, which was not tactical.  Plaintiff has gained no advantage here, nor were they trying to, and Defendants were not harmed. *Compare Beauchamp v. City of Dixon*, 11 CV 50121, 2014 WL 901437, at *7 (N.D. Ill. Mar. 7, 2014), *report and recommendation adopted sub nom. Beauchamp v. City of Dixon, Ill.*, 2014 WL 1315403 (N.D. Ill. Mar. 31, 2014) (finding no evidence of bad faith where disclosing party identified experts, produced the records they relied on, and movant identified no attempts by counsel to prevent witnesses from discussing opinions during depositions) *with Smith v. City of Chicago*, 21 C 1159, 2023 WL 5211667, at *8 (N.D. Ill. Aug. 14, 2023) (where "a strategic decision" was made not to disclose a police practices expert, and to raise the issue later).

## CONCLUSION

For the above reasons, the Court should deny Defendants' motion in its entirety.

Respectfully submitted,

/s/ Maria Makar
Attorney for Plaintiff

Jon Loevy
Maria Makar
Gianna Gizzi
LOEVY & LOEVY
311 N Aberdeen St. Ste 300
Chicago, IL 60607
(312) 243-5900